## BERBETTE *v.* STATE.

### [67 South. 853.]

JURY. *Disqualification of juror. Servant of corporation robbed.*
   In a prosecution for larceny, it is reversible error for the court to refuse to allow a challenge for cause by the defendant of a juror who is a servant of the owner of the property stolen.

APPEAL from the circuit court of Hinds county.
HON. J. A. TEAT, Special Judge.
M. Berbette was convicted of larceny and appeals. The facts are fully stated in the opinion of the court.

*W. J. Croom,* for appellant.

I want to call the attention of the court to a ruling of the lower court by which an employee of the Jackson Light & Traction Company, over the objection of the appellant, by challenge for cause, was permitted by the court to sit on the jury that tried this cause. A man by the name of McBride, an employee of said company, was on the panel and tendered by the state to the defendant, and it being shown that he was an employee, of the Jackson Light & Traction Company, the party from whom this appellant was charged with having stolen the electric current, appellant challenged him for cause and the court overruled said challenge, and he was forced on the panel, over the objection of appellant, to which the appellant excepted then and there in open court. I say, that this is a fatal error, and has been condemned by this court in a civil case, in which this court held that an employee of a litigant in a civil case was not a competent juror, and on challenge for cause, he should be set aside by the presiding court, and the reasons given by the court why an employee is an incompetent juror in a

civil case, apply with stronger force, in this case, when the employee is of a corporation, prosecuting a man, charging him with larceny. I respectfully refer the court to these cases, which are *W. J. Hubbard et al.* v. *William Rutledge,* reported in 57 Miss. 7, in which the following is stated: "In empannelling the jury, L. Berry stated on his *voir dire,* that he was then, and had been for some time, in the employ of the defendant as clerk; that he had carried a letter in regard to this suit, from the defendant to his counsel, and had frequently heard the case talked about, but had formed no opinion, and could impartially try it. The plaintiffs objected to the juror, and on the overruling of their objection, excepted. They then challenged Berry peremptorily, and afterwards exhausted their peremptory challenges, before the completion of the panel."

This court speaking through Judge CAMPBELL, says this: "The juror Berry, was not above all exceptions, as a juror, and should have been rejected by the court. He was in the service of the defendant as a clerk, and that made him incompetent. It is true he was peremptorily challenged by the plaintiffs, but this required one of their peremptory challenges, which were exhausted, as the record shows, before the panel was completed. Citing 3 Blackstone's Commentaries, 363, and 2 Graham & Waterman on new trials, 245 *et seq.*" And this case was reversed on two grounds, one of which being the action of the court in overruling the challenge for cause to the juror Berry, and holding him competent, as a juror, which was the main ground of reversal. And the court will notice that he was held to be incompetent as a juror, because he was in the service of the defendant, as a clerk.

And in the case of *L. N. O. & T. R. R. Co.* v. *Mask,* reported in 64 Miss. page 738; this court, speaking through Judge ARNOLD, says as follows: "The juror,

Hartgroves, being in the employment of appellant, was subject to challenge, for that cause. He was not *omni exceptione major*. He would have been disqualified at common law, and we have no statute, removing said disqualification. It does not matter that he had the self confidence to swear that he could try the cause impartially. It was not for him to determine his competency on that point. When the fact was developed that he was in the employment of appellant, the law adjudged him incompetent. The law does not lead jurors into the temptation of a position where they may secure advantage to themselves by doing wrong, nor permit the possibility of the wavering balance being shaken by self interest.''

This case cites the *Hubbard* v. *Rutledge case,* and also, 3 Blackstones Commentaries, 363, and also, Thompson and Merriam, on juries, section 185, and I say, that these authorities, and the reasons upon which they are based, show conclusively that the action of the lower court, in holding the juror McBride, competent, and forcing appellant to exhaust his peremptory challenges, was reversible error. The only difference in the case at bar, and the authorities cited, is that they were civil cases, and this is a criminal case, in which the state of Mississippi is nominal plaintiff, but this court knows that the real party in interest prosecuting this case, was the Jackson Light & Traction Company, the employer of the juror, McBride, and the language of Judge ARNOLD in the *Mask case* wherein he says: ''The law does not lead jurors into the temptation of a position where they may secure advantage to themselves by doing wrong nor permit the possibility of the wavering balance being shaken by self interest,'' applies with all of its force of reason to this case. McBride was an employee of the prosecutor, and we have a right to conclude that his living and position depended upon the prosecutor, and can

we say that under these circumstances, his action on this case, as a juror, would be uninfluenced by his relationship to the prosecutor, the Jackson Light & Traction Company?

*Ross A. Collins,* Attorney-General for the state.

Of appellant's many assignments of error the one involving more serious consideration is the first, which relates to the alleged error in permitting the juror, McBride, after challenge for cause, to remain on the jury. It was shown on the *voir dire* that this juror was employed as a motorman on the street cars owned and operated by the Jackson Light & Traction Company. In civil cases this court has held, as in cases cited by appellant, that an employee is subject to challenge for cause simply by virtue of the relationship, but in criminal cases, where the state is plaintiff, it should not be held to be error *per se* in permitting such juror to serve on the jury after he takes the prescribed oath of a juror, and the mere fact that he is employed by the corporation would not of itself warrant the conclusion that the defendant has been denied a trial by a fair and impartial jury, I submit that the survey of the record shows that no material harm was done to appellant's cause in permitting this juror to serve.

REED, J., delivered the opinion of the court.

Appellant was tried and convicted on an indictment charging him with taking, stealing, and carrying away electricity of the value of one dollar, the property of the Jackson Light & Traction Company, a corporation.

The evidence shows that the taking and carrying away of the property in this case was by the means of a device known in the electrical business as a "jumper." These are said to be two pieces of wire, connected with the feed wires conveying the current into the meter on the receiving or supply side, and again connected with such wires on the other or transmitting side of the

meter, so that the current will not pass through the meter. We understand from the testimony that through the arrangement of these jumper wires the electric current was thereby detoured around the meter and not registered, to the loss of the Jackson Light & Traction Company. The company's general manager and other of its employees appeared as witnesses for the prosecution.

In the selection of the jury, one of the jurors was challenged by appellant on the ground that he was an employee of the Jackson Light & Traction Company, the owner of the electricity which appellant is charged with taking. The juror testified that he was employed as a motorman on the street cars of the company. The trial court overruled the challenge. Appellant exhausted all the peremptory challenges allowed him by law.

It is the purpose of the law to provide as jurors men who are fair and impartial and free from bias or prejudice. It has been held that one who is in the employ of a party to a suit is incompetent as a juror. The existence of any business relation between the one offered as a juror and one of the parties in interest which might be calculated to influence his verdict is sufficient to render such person incompetent to serve as a juror. This rule applies where there exists between parties the relation of master and servant, or employer and employee. 17 Amer. & Eng. Ency. of Law (2d Ed.), p. 1127; 24 Cyc. 276. In the case of *Hubbard* v. *Rutledge*, 57 Miss. 7, it was decided that a clerk of a defendant was incompetent as a juror. In *L., N. O. & T. R. R. Co.* v. *Mask*, 64 Miss. 738, 2 So. 360, it was held that an employee of a railroad company, party defendant, was incompetent to sit as a juror in that case, and should have been rejected upon a challenge for cause. In delivering the opinion of the court Judge ARNOLD said:

"The juror Hartgroves, being in the employment of appellant, was subject to challenge for that cause. He

was not *'omni exceptione major.'*  He would have been
disqualified at common law, and we have no statute re-
moving such disqualifications.  It does not matter that
he had the self-confidence to swear that he could try
the cause impartially.  It was not for him to deter--
mine his competency on that point.  When the fact
was developed that he was in the employment of ap-
pellant, the law adjudged him incompetent.  The law
does not lead jurors into the temptations of a position
where they may secure advantage to themselves by
doing wrong, nor permit the possibility of the waver-
ing balance being shaken by self-interest.''

In *Central R. R. Co.* v. *Mitchell,* 63 Ga. 173, an em-
ployee of the railroad company was held to be incompe-
tent as a juror in the trial of that case wherein the
company was a party.  We quote from the opinion de-
livered in that case by Judge JACKSON:

''We think that the employee of the company was
properly rejected as a juror.  To sit on the case he
must be *'omni exceptione major.'*  The servant of the
company is not.  It is almost impossible, however in-
corruptible one may be, not to bend before the weight
of interest; and the power of employer over employee
is that of him who clothes and feeds over him who is
fed and clothed.  Hence the common law excluded all
servants, and our statutes have nowhere altered the
rule, and it should not be altered.  A close relative is
a less dangerous juror, if not a dependent kinsman,
than one who is dependent on his employer.''

One of the reasons given to sustain the challenge for
cause of a juror in the case of *Minich* v. *People,* 8 Colo.
440, 9 Pac. 4, was that he had business relations with
a person jointly indicted with the defendant, but not
on trial, owing to a severance allowed by the court.  In
the case of *State* v. *Coella,* 3 Wash. 99, 28 Pac. 28,
it was held that the former employer of a decedent was
disqualified as a juror in the trial for decedent's mur-

der. In the opinion in that case, delivered by Judge Scott, it was said that the juror would have been disqualified in a civil action between the murdered man and the defendant under a statute of the state, because of the relation of master and servant and (quoting from the opinion):

"While, of course, the deceased could not be a party to the prosecution, yet for the purpose of impaneling a jury he should be considered as an adverse party to the defendant. If the feelings supposed to be engendered by this relationship, or the influence that it might exert, are ground for disqualification in a civil cause, it goes without saying that the reasons apply with much more force in a case like this."

In the case at bar the Jackson Light & Traction Company owned the electric current alleged to have been stolen. The company, therefore, would be an adversary of appellant, in any question relative to the unlawful taking of the electricity. In a civil action for the recovery of the value of the property, the company would be a party opposed to appellant. In a prosecution charging appellant with criminal liability for the wrongful taking of the electricity, the company, as the person owning the property taken and thereby suffering loss, is certainly a party in interest. The challenged juror was therefore an employee of a party in interest in the case.

We see no reason why the rule, which has been established in this state by the decisions of this court (*Hubbard* v. *Rutledge, supra; Railroad Co.* v. *Mask, supra*), to the effect that an employee of a party in a civil action is not a competent juror, should not apply to criminal prosecutions such as the case at bar. The reasons for the rule in civil actions apply with equal or greater force in criminal cases. We therefore apply the rule to this case. The challenge of the juror should have been sustained.

*Reversed and remanded.*