OVERING *v.* SKRMETTA, et al.

Nov. 9, 1953

No. 38928 42 Adv. S. 7 67 So. 2d 606

*W. L. Guice,* Biloxi; *Bidwell Adam,* Gulfport, for appellant.

*Morse & Morse,* Gulfport; *Howard A. McDonald, Arnaud Lopez,* Biloxi, for appellees.

L<small>EE</small>, J.

This was a suit by George T. Overing, Jr., against Marko and Anthony Skrmetta to recover damages for injuries resulting from an assault, alleged to have been made by Anthony Skrmetta while in the scope of his

duties and about the business of Marko Skrmetta. Self defense by Anthony, and his nonagency as to Marko, were the defenses interposed. There was a verdict for the defendants and the plaintiff appealed.

Overing and Marko Skrmetta, both of Biloxi, were the respective owners of different boats which were for hire to patrons for pleasure and deep-sea fishing. The rivalry between the operators was keen. About May 28, 1951, the plaintiff and Anthony Skrmetta became involved in a controversy as they were soliciting prospective patrons. Overing, who was 55 years old and weighed about 170 pounds, received serious injuries. He died while this cause has been pending here, and there was a revivor in the name of Mrs. Lelia Amelia Overing, Administratrix of his estate.

The evidence for the plaintiff, which was fully corroborated by another witness, was to the effect that Anthony Skrmetta, about 28 years of age and weighing 220 pounds, made an unprovoked and cruel assault upon him, as a result of which he sustained the injuries. The serious nature thereof was established beyond question by competent medical authority.

On the contrary, on the merits, the evidence for the defendants, consisting of six witnesses, most of whom were relatives, was to the effect that Overing was the aggressor; that Anthony acted only in his necessary self defense, after being attacked by Overing with a knife; and that only such force was used as was reasonably necessary to repel his adversary.

Consequently this sharply disputed issue of fact was for the jury, who, under our system, are the judges as to the credibility of the witnesses. Besides the issue as to whether or not Anthony Skrmetta was an agent of Marko Skrmetta was likewise in dispute, and its determination, therefore, was for the jury.

A thorough consideration of all of the evidence leads to the conclusion that the verdict was not against the

great weight of the evidence, and that appellant's motion for a new trial, on that ground, was properly overruled.

Appellant assigned and argued two other grounds on account of which he contends that he was entitled to a new trial, namely, (1) a statement of the trial judge during the argument of the case on its merits, and (2) the incompetency of Juror J. R. Wood, or his concealment of business relations with the Skrmetta family.

In the argument to the jury, counsel for the plaintiff said, "that if this was not a case of liability the court would not have permitted it to be submitted to you." No objection was made by the defendants, but the Judge forthwith said, "that is not true, the question of liability is submitted on instructions given to the jury and it is for the jury to pass on." Whereupon counsel said, "I withdraw the statement. The matter of liability, damages and all other matters are submitted for your determination."

It is contended that the voluntary statement, in effect, meant that counsel was misrepresenting the court's action in the matter, and, owing to the high esteem in which judges are held, this statement was highly prejudicial and likely caused the jury to consider the plaintiff's case as a fraudulent attempt to extort money from the defendants.

The force of this argument cannot be tossed aside lightly. A good and popular circuit judge enjoys the confidence and esteem of most people in his district. He holds an honorable position and it is doubtful if any other officer rates above him in popular confidence and esteem.

 However, in Brush v. Laurendine, 168 Miss. 7, 150 So. 818, it was said: "Whatever may be the differences in detail in respect to the practice in the various jurisdictions, all courts are agreed that it is the power and duty of the trial court to see that the privilege of argument is not abused * * *." See also 53 Am. Jur., Trial, Section 460, pages 363-4, which is in agreement

with the above stated rule, and where it is also said that "the action of the trial court will not, in the absence of a clear abuse of discretion in thus controlling argument of counsel, be reviewed by the appellate courts."

Counsel's argument was erroneous. If it had been objected to, assuredly the judge should and would have sustained the objection. Again in Brush v. Laurendine, supra, it was said that "ordinarily, however, the judge is entitled to the reasonable aid of counsel in this matter * * *." That is, opposite counsel should object to improper argument. But since the argument here was directed solely at what the judge had done, opposite counsel could, with reason, anticipate that the judge would take care of himself. In Pullman v. Lawrence, 74 Miss. 782, 22 So. 53, it was said "if improper remarks are made by counsel, it is the duty of the court to interpose * * *." See also Interstate Co. v. Garnett, 154 Miss. 325, 122 So. 373.

We do not think that the judge's language, if it had been used in sustaining an objection to the argument, would have produced on the minds of the jurors the effect here contended for by the appellant. Neither do we think that such language, used by the judge on his own motion, did so. Jurors, as a rule, are men of common sense, and are not wholly uncharitable toward counsel, who in the heat of a trial, may fall a victim to partisanship and overstep the bounds of proper argument.

As heretofore stated, the second complaint is in regard to the Juror Wood.

The voir dire examination does not appear in the record. On the motion for a new trial, Wood was called as a witness by the appellant. He admitted that he was asked by counsel for plaintiff whether he had ever worked for the defendants or any member of their immediate family and his answer was, "I said I worked for Mrs. Skrmetta—Mrs. Skrmetta that lived on Oak Street, the old elderly lady—I wouldn't know whether

she was that gentleman's wife or mother. I did. I floored a building there for them." He did not know the relationship.

Counsel for plaintiff testified that Wood never mentioned on his voir dire examination, that he knew Mrs. Skrmetta or that he had been working for anybody by that name. He was under the impression that the juror was a resident of Saucier and not of Biloxi; and if he had known of the work for Mrs. Skrmetta, he would not have accepted Wood as a juror.

In Berbette v. State, 109 Miss. 94, 67 So. 853, it was recognized that an employee of a party to a suit is incompetent as a juror; and that the existence between a proffered juror and a party to a suit of business relations which might be calculated to influence his verdict is sufficient to disqualify the juror. But it is not clear from the record here as to whether the Mrs. Skrmetta for whom the juror floored a building was the wife or mother of Marko Skrmetta. It is certain, however, that the juror was not regularly employed by a Mrs. Skrmetta. Besides no Mrs. Skrmetta was a party defendant. In addition, according to the evidence of Wood, it appears that he made a disclosure of such knowledge as he had. The failure to pursue the inquiry and thus establish the true identity of the Mrs. Skrmetta for whom he worked cannot, therefore, be attributed to any concealment on his part. The trial judge who heard the evidence on this question decided the issue adversely to the appellant, and there was ample evidence to sustain that conclusion.

Wherefore it follows that the judgment of the lower court ought to be, and is, affirmed.

Affirmed.

*McGehee. C. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.