**ARNOLD SERVICES, INC., et al.,**
**Appellants,**

v.

**DELTA MOTOR LINES, INC., Appellee.**

No. 20569.

United States Court of Appeals
Fifth Circuit.

Dec. 27, 1963.

———◆———

K. Hayes Callicutt, Cary E. Bufkin, Jackson, Miss., Satterfield, Shell, Williams & Buford, Jackson, Miss., of counsel, for appellants.

Burkett H. Martin, Dent, Ward, Martin & Terry, Vicksburg, Miss., for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and JOHNSON, District Judge.

JOHNSON, District Judge.

The appellee, Delta Motor Lines, Inc., instituted this action in the district court, seeking to recover for property damage and cargo loss which it sustained when its tractor-trailer unit collided with the tractor-trailer unit owned by the appellant Andrew Gilliam; Gilliam was alleged to be the agent of the appellant Arnold Services, Inc. Delta's complaint charged Gilliam, while acting as agent of Arnold Services, with negligence by driving from a roadside service station into the highway—in Delta's path. The appellants answered by denying the charges of agency and negligence. Appellant Arnold Services also counterclaimed against Delta for its cargo loss—it claiming no ownership in Gilliam's tractor and trailer which was also damaged. The

case was tried upon these issues, a jury verdict was rendered in favor of Delta, and the trial court entered a judgment thereon.

The appellants specify several errors; only the two that necessitate a reversal will be discussed; viz., the refusal of the trial court to submit to the jury the question of agency and the charge to the jury on the Mississippi law of comparative negligence.[1]

The trial court did not submit to the jury the question of Gilliam's agency for Arnold Services. The basis for refusing to submit the agency question was the interpretation the trial judge placed upon appellants' answers to Delta's complaint.[2] From a review of the pleadings and the evidence presented upon the trial it is apparent that the agency relationship between Arnold Services, Inc., and Gilliam was an issue in the case. While it was proper for the trial judge to refuse to grant appellants' peremptory instruction to the effect that no agency existed, it was improper, where there was a conflict in the evidence and where the issue was controverted throughout the trial, to refuse to submit the agency issue to the jury.

What this Court said in Irvin v. Bedford (5th Cir. 1955), 224 F.2d 452, on the question of negligence being a jury question in Mississippi is equally applicable on the factual question of agency. See Overing v. Skrmetta, et al., 218 Miss. 648, 67 So.2d 606.

In charging the jury on the matter of comparative negligence, the trial judge at one point stated:

"On the other hand, if the other fellow—as in this case, if you should believe that the defendant Gilliam was guilty of negligence in the way he was operating that truck and should believe Frazier [Delta's driver] was guilty of negligence, then it will be your duty to find a verdict for the plaintiff [Delta] *but reduce the amount in proportion to the negligence you charge to the plaintiff.*" [Emphasis supplied.]

And at another point stated:

"If you should believe that the driver of the Delta Motor Lines, Incorporated, was guilty of negligence that was the sole proximate cause of the damages, then you would find a verdict for the sum of $309.73 [amount of the counterclaim]; but if you should believe and find from the evidence, as I have heretofore instructed you, that Arnold Services and Gilliam were guilty of negligence themselves which proximately contributed to the damages of Delta Motor Lines, then you would find a verdict for Delta Motor Lines, Incorporated, and would not find anything for the counter-claimant Arnold Services, Incorporated."

Such instructions were erroneous under the Mississippi comparative negligence statute. Mississippi Code 1942, Section 1454. This statute, and the several Mississippi cases interpreting it, provide for apportionment of damages according to fault. Thus, here, even though the appellants were found to be guilty of negligence, it was quite possible for the jury to have found appellee also guilty of negligence. In such an instance, the damages would be apportioned according to fault. Therefore,

1. The appellants place much emphasis on the trial judge's charge to the jury concerning the question of proximate cause. A careful review of the charge as a whole—as a jury charge must be considered—reveals that the jury in this case was adequately instructed on the matter of proximate cause. The extracted portions of the charge as isolated and detached by appellants cannot be determinative. International Paper Co. v. Busby (5th Cir. 1950), 182 F.2d 790; Bush v.

Louisville and Nashville Railroad Company (5th Cir. 1958), 260 F.2d 854.

2. The record does not reflect that a pretrial order was entered in this case, and this Court was advised by counsel in their oral arguments that no pretrial hearing was conducted. An appropriate and timely use of Rule 16, Federal Rules of Civil Procedure, would have eliminated the necessity for the trial judge to "interpret" the pleadings during the trial.

when the trial judge stated that, if the defendant Arnold Services was guilty of negligence, it could not recover on the counterclaim, there was clear error. Carruth v. Griffis, 220 Miss. 541, 71 So.2d 478.

For the foregoing reasons, the judgment of the trial court as rendered upon the jury verdict in this case is

Reversed.