PATTERSON, Justice:
This is an appeal from a judgment of the Circuit Court of Forrest County wherein the plaintiffs were awarded damages of *526 $1450 for the wrongful cutting of timber upon their property by the defendant.
The theory of the plaintiffs’ declaration was one of trespass upon their property by L. J. Rogers and James Bourn, who were alleged to be the agents of James H. Turner, and the wrongful cutting of timber by them. Recovery by way of damages was sought against Bourn who cut the timber, against Rogers who was his supervisor, and against Turner, the alleged principal under the doctrine of respondeat superior.
The record reflects that Turner owned a tract of land in Forrest County from which he desired the timber to be harvested. He engaged Rogers, a timber consultant, to arrange for and supervise the harvest of the timber. Rogers in turn contacted Bourn and engaged him to perform the manual labor in harvesting and marketing the timber. The arrangement between these parties was that Turner, the landowner, would receive 55% of the sale price of the timber, Rogers the timber consultant, would receive 5% of the sale price, and Bourn, who would cut the timber, 40% of the sale price.
In his answer Turner denied that Rogers or Bourn had ever been his agents and more particularly denied that they were his agents during the time relevant to the declaration. He alleged that Rogers was an independent contractor and had contracted with him to cut the timber on the properties of the defendant. He denied that he had ever been on the property of the plaintiffs and asserted that he had never employed or authorized any agent to go upon the property. Rogers, by way of answer, admitted that the relationship between him and Turner was that of an independent contractor. He answered further by alleging that the relationship between him and Bourn was also that of an independent contractor and that Bourn was not his agent.[1]
After a full hearing the jury returned a verdict against Turner in the sum of $2000; whereupon the plaintiffs moved the court for a judgment notwithstanding the verdict to include the defendants Rogers and Bourn. This motion was sustained in part and Bourn was included in the judgment, but it was overruled as to Rogers. The verdict was also reduced as being excessive from the sum of $2000 to the sum of $1450.
The plaintiffs did not appeal from the action of the trial court in overruling their motion to include Rogers in the judgment and consequently he is not a party before this Court. Turner, the landowner, appeals and argues only one point for reversal which is: That at all times during the time complained of Rogers and Bourn were acting in the capacity of independent contractors and were not his agents. The appellant does, however, mention the fact, which he does not pursue, and which we do not consider, that Turner was at all times acting for and on behalf of the James H. Turner estate rather than in an individual capacity and that the judgment could only have been against such estate. It appears that the trial court was not called upon to rule upon this issue and therefore it is not properly before this Court.
The evidence adduced at the trial reflects that the property of Turner and that of the Williams adjoin and that Bourn, while harvesting the timber on the Turner property, trespassed upon the property of the plaintiffs and mistakenly cut some of their timber. This fact is not controverted nor is the amount of the judgment contested.
The relationship of principal and agent is factual and its existence, in the absence of express terms creating the relationship, is one of fact to be determined by a jury. Engle Acoustic & Tile, Inc. v. Grenfell, 223 So.2d 613 (Miss.1969); Overing v. Skrmetta, 218 Miss. 648, 67 So.2d 606 (1953).
*527 The testimony of Turner that he exercised supervisory control over the harvest of the timber either generally or in detail is unchallenged. The relationship of principal and agent could not therefore have been determined by the jury from any overt acts of Turner. Its verdict in finding the relationship of principal and agent, if it is to be sustained, must he upon evidence expressing a reserved right of control. In this regard the record reflects that Turner testified that he had the power to direct what timber was to be cut and that which was not to be cut. He responded to questions of plaintiffs’ lawyers as follows:
“Q. Now, if there was a certain area, including the Leeville area, that you were to decide that you didn’t want cut, or you were to convey that to Mr. Rogers, of course you would expect him to stop cutting, wouldn’t you?
“A. He would, yes.
“Q. Yes, he would. In other words, you’ve got the power to tell what to cut and what not to cut, whether you exercise that power or not, he, Mr. Rogers, is answerable to you on that which he cuts, that is true isn’t it?
“A. In a sense, I suppose so.”
This evidence is sufficient, in our opinion, under the circumstances of this case to establish a reserve right of control sufficient for the jury to determine that the relationship of principal and agent did exist, or differently put, we cannot state that the jury verdict was against the overwhelming weight of the evidence. It follows, therefore, that under the doctrine of respondeat superior Turner was liable for the injuries resulting from the trespass of his agent Bourn.
Affirmed.
GILLESPIE, C. J., and INZER, SMITH and ROBERTSON, JJ., concur.

. The answer of Rogers not appearing in the record, the above statement is gleaned from the brief of the appellant. Bourn filed no answer and did not appeal.