KITCHENS, Justice,
for the Court:
¶ 1. Because it has appeared to this Court that the Office of the Circuit Clerk of Hinds County has not been in full compliance with Rule 77(d) of the Mississippi Rules of Civil Procedure in certain cases, a panel of this Court convened a hearing at which Hinds County Circuit Clerk Barbara Dunn was in attendance, with counsel. At the conclusion of that hearing, we took the matter under advisement for further consideration, and now issue our decision.

Facts

¶ 2. In February 2010, we granted petitions for interlocutory appeal in docket numbers 2009-IA-01939-SCT (Trustmark National Bank v. Meador) and 2009-IA-01940-SCT (Mississippi Baptist Health Systems, Inc. v. Meador). In our review of those petitions, we discovered that the Office of the Circuit Clerk of Hinds County had not fully complied with Rule 77(d) of the Mississippi Rules of Civil Procedure, which provides:
(d) Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a no *5 tice of the entry in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the service. Any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party for failure to appeal within the time allowed, except as permitted by the Mississippi Rules of Appellate Procedure.
¶ 3. The omissions by the clerk’s office were quite serious and potentially costly because they jeopardized the ability of several litigants to pursue interlocutory appeals.
¶ 4. In 2004, Carroll Brent Meador, M.D., had filed suit in the Circuit Court of the First Judicial District of Hinds County against several parties, including Trustmark National Bank and Mississippi Baptist Health Systems, Inc. In the civil action, Dr. Meador was represented by Attorney Michael S. Allred. Before answers were filed by the.respective defendants, the case was removed to federal court, but eventually was remanded to the Hinds County Circuit Court. While in federal court, the defendants filed answers to the complaint. Though the defendants’ attorneys were identified in the answers and other pleadings, which eventually made their way to the Hinds County Circuit Court, none of the defense attorneys formally entered their appearances in the state court.[1]
¶ 5. In early 2008, following remand, various defendants filed motions for summary judgment and for dismissal,[2] prompting Meador to file responsive pleadings. Some of the defendants filed additional pleadings related to the summary judgment motions. The presiding circuit court judge heard the motions in February 2009, then signed an order on July 2, 2009, in which he denied Trustmark’s motion for summary judgment and its motion to dismiss. On the same day, the circuit judge signed an order denying Baptist’s motion for summary judgment and its motion to dismiss.
¶ 6. Those orders were stamped “filed” on July 3, 2009, and they were recorded on the circuit court’s general docket the same day. The general docket contains an entry that on that date, July 3, 2009, copies of the orders were mailed by the circuit clerk to “Atty Michael S. Allred,” the attorney of record for the plaintiff, Meador. Conspicuous by its absence from the circuit court’s general docket is any indication that the circuit clerk’s office sent notice of the orders to any other party or lawyer.

Discussion

¶ 7. Rule 77(d) of the Mississippi Rules of Civil Procedure plainly requires that the circuit clerk serve notice of the entry of the orders upon all parties not in default. Circuit Clerk Dunn candidly has acknowledged to this Court that no such notice was issued in this case, other than to the plaintiffs lawyer. Although the responsibility for preparing and issuing the notices had been delegated to a subordinate, and it was she, and not Mrs. Dunn personally, who had overlooked sending the required notices to all of the active parties in the *6 case, Mrs. Dunn clearly recognizes that responsibility for such failure ultimately lies with her and her alone.
¶ 8. The seriousness of this omission is such that this Court should not, and it will not, regard it as an innocuous clerical error. The notices required by Rule 77(d) are mandatory, and they are indispensable to the right of parties to receive timely information from our state trial courts concerning significant judicial actions in civil matters in litigation. The deadlines applicable to litigants’ right to appeal from judgments rendered by the courts are triggered by the dates on which those judgments and orders are entered. Meticulous adherence to Rule 77(d) by court clerks is essential to the protection and timely exercise of those rights. A court clerk’s failure to practice unerring care and absolute efficiency in timely issuing and docketing such notices can be disastrous to a party who, for want of notice of an adverse judgment, does not know that he or she needs to act with dispatch to appeal in an effort to protect some important right or interest.
¶ 9. We are fully aware that the Hinds County circuit clerk’s office serves a busy, multi-judge, civil and criminal court system in the state’s most populous county, and that the clerk has other demanding duties, including the registration of voters, the administration of elections, and the issuance of marriage licenses. However, this does not alter the fundamental principle that, no matter how heavy the workload, and regardless of how many thousands of cases must be processed by the circuit clerk and her staff, each litigant’s case is supremely important and must be handled with extraordinary attention to all applicable rules, statutes, and procedures. Court clerks are officers of the courts they serve, and as such, they and their staffs, not unlike judges and lawyers, must be ever mindful of the exceptionally high level of fidelity and care that is required of them.

Remedial Measures

¶ 10. To her credit, Circuit Clerk Dunn has freely acknowledged the failure of her office to comply fully in the referenced civil cases with the notice and docketing requirements of Rule 77(d), and she has unequivocally accepted personal responsibility for such failure. In addition, she has affirmatively expressed to this Court her intention to take whatever steps are necessary to ensure that parties and attorneys who hereafter are entitled to receive various kinds of notice from her office will be provided such in a timely and proper manner.
¶ 11. Yet, similar assurances have previously been given this Court by this official. In 2008, this Court sanctioned the Hinds County circuit clerk[3] for failure to comply with Rules 77 and 79 of the Mississippi Rules of Civil Procedure. The original amount of that sanction was $1,000; but, based on Mrs. Dunn’s written representation to the Supreme Court that she had promulgated and implemented new procedures to ensure compliance with the rules, the sanction was reduced to $100. However, the very next year, 2009, similar oversights, which this Court regards as egregious and potentially very dangerous, occurred in the same office.
¶ 12. Though we do not find Mrs. Dunn’s omissions to have been intentional, we do find that they constitute neglect of duty, the seriousness of which is compounded by the fact that strikingly similar mistakes in the same office recently have been addressed by this Court. Garland Sealing Tech., LLC v. Pittman, Case No. 2008-M-00177-SCT (May 1, 2008, order). *7 The clerk, who again has been negligent in the supervision and oversight of her staff, is correct in her acceptance of personal responsibility for the failure of her office to notify all of the parties to the subject litigation — not just the plaintiffs lawyer— of the presiding judge’s denial of the motions for summary judgment and the motions to dismiss. Accordingly, it is she— the clerk — who must be sanctioned for such failure.
¶ 13. It is, therefore, ordered that on or before October 28, 2010, Hinds County Circuit Clerk Barbara Dunn shall pay unto the Clerk of this Court the sum of $5,000, from her personal funds,[4] as sanctions for her failure to comply with Rule 77(d) of the Mississippi Rules of Civil Procedure, and she is hereby taxed with all costs of this proceeding. However, if on or before October 14, 2010, Barbara Dunn files with this Court a detailed statement explaining the practices and procedures she has implemented in her offices[5] to ensure full compliance with said Rule 77(d), and all other rules and statutes requiring her to provide notice to litigants and/or their attorneys, the Court will consider reducing the sanction, if it finds the clerk’s remedial measures to be sufficient.
¶ 14. HINDS COUNTY CIRCUIT CLERK BARBARA DUNN IS SANCTIONED.
CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. WALLER, C.J., NOT PARTICIPATING.

. Mississippi practice did not then, and it does not now, require the filing of formal entries of appearance in such circumstances.

. These pleadings, and others filed in Hinds County Circuit Court after remand, did identify the defense attorneys who had filed them. However, the circuit clerk did not record these attorneys’ names in the general docket. The clerk entered in the docket only the name of the plaintiff’s lawyer, which had appeared on the original complaints.

. The present clerk held the same office at that time.

. Said amount shall not be paid, in whole or in part, from public funds.

. The Hinds County circuit clerk maintains offices in both the First and Second Judicial Districts of Hinds County, in Jackson and Raymond, respectively.