KITCHENS, Justice,
for the Court:
¶ 1. In 2008, Barbara Dunn, the Circuit Clerk of Hinds County, Mississippi, was *8 sanctioned by this Court for her office’s failure to comply with the requirements of the Mississippi Rules of Civil Procedure, including Rule 77(d). In February 2010, this Court discovered that Mrs. Dunn’s office gain had failed to follow the requirements of Rule 77(d) of the Mississippi Rules of Civil Procedure. In re Dunn, 84 So.3d 4, 4 (Miss.2010). A panel of this Court ordered Dunn to appear at a show-cause hearing. Id. Upon our review of the clerk’s mishandling of the underlying circuit court action and the statements of the clerk and her attorney during the show-cause hearing, we sanctioned Dunn by requiring her to pay an amount we thought would be sufficient to deter further improprieties. Id. at 7. After sanctioning Circuit Clerk Dunn in the amount of $5,000, we afforded her the opportunity to file a detailed statement with this Court in which she would report to us on remedial changes in her two offices that would be expected to prevent recurrence of the same or similar errors. Id. In our published decision, we said that, if we found the remedial measures to be sufficient, we would consider reducing the sanction, which is to say that, if the clerk would demonstrate to this Court that she was diligently working to solve the serious problems in her offices, we would return to her some portion of her money. Id.
¶ 2. Circuit Clerk Dunn has filed a statement in which she lists procedures she proffers as adequate to correct the deficiencies. Her statement and proposed procedural “solutions” clearly show that she continues to misunderstand the nature and severity of the serious mistakes that repeatedly have occurred in her offices. The potential for additional errors remains, and we are not persuaded that Dunn is entitled to a reduction in monetary sanctions. Contrary to the clerk’s analysis of her failures, it is clear to this Court that the recurring clerical disasters in the Hinds County Circuit Clerk’s office are the product of human blunders rather than, as Circuit Clerk Dunn seems to see it, an inadequate computer system. The Hinds County Circuit Clerk has fallen far short of providing this Court any reason to believe a reduction in our most recent sanction of her to be appropriate.
¶ 3. Additionally, Mrs. Dunn specifically was ordered to pay the sanction from her personal funds. Id. at 7. This Court ordered that the amount “shall not be paid, in whole or in part, from public funds.” Id. at 7 n. 4. In apparent violation of that order, Dunn paid the $5,000 sanction with a check, signed by her, from the “Hinds County Barbara Dunn Circuit Clerk Fee Account.” The very name of that account suggests that it contains public rather than private funds. Within ten days of the date of the entry of this decision, Dunn shall provide documentary proof to this Court that she has repaid that account with her personal funds. Alternatively, if the referenced checking account is a repository for Dunn’s private funds only, she shall provide this Court sworn documentation to that effect, also within ten days. Further, she shall, within said ten days, show cause to this Court, in writing, if any she can, why she should not be held in contempt of this Court for having paid the monetary sanction levied upon her by this Court ,on September 30, 2010, from a checking account containing public funds, if that be the case.
¶ 4. Rule 77(d) of the Mississippi Rules of Civil Procedure provides:
(d) Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the service. *9 Any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party for failure to appeal within the time allowed, except as permitted by the Mississippi Rules of Appellate Procedure.
M.R.C.P. 77(d) (emphasis added). Dunn’s office has, at least four times within the past three years, failed to provide notice of the entry of civil orders and judgments to “each party.” The failure to provide the required notice has endangered numerous parties’ rights to appeal within the time allowed.
¶ 5. In addition, within the ten days herein provided, Circuit Clerk Barbara Dunn shall file with this Court a detailed, written narrative, under oath, meticulously describing what, if any, procedures and practices she has implemented in each of her offices to assure her full and consistent compliance with Rule 77(d) of the Mississippi Rules of Civil Procedure, whereby all litigants in the Circuit and County Courts of the First and Second Judicial Districts of Hinds County, Mississippi, and their attorneys, shall receive from the clerk immediate and accurate notice of the entry of all orders and judgments rendered by the several judges of these courts in the cases in which such litigants and their counsel appear. The clerk’s explanation shall include a clear and precise statement of: (1) the manner and means by which the identities and addresses of parties and their attorneys are ascertained by the clerk; (2) when this is done in relation to the filing of pleadings by the parties (including instances in which pleadings are received from other courts); (3) how and when this information is recorded by the clerk or her designees; and (4) what controls are in place for verification that, in each and every case, such information is timely and accurately recorded, and that notices of the entry of all orders and judgments are served on all parties not in default, in the manner provided by Rule 5 of the Mississippi Rules of Civil Procedure.
¶ 6. Upon Circuit Clerk Dunn’s filing of such narrative with this Court, or upon her failure to do so, this Court will determine, in due course, whether to schedule a hearing for the clerk’s personal appearance before this Court to show cause, if any she can, why she should not be sanctioned for her failure fully to comply with this decision, and with the prior directives of this Court issued on September 30, 2010.
¶ 7. HINDS COUNTY CIRCUIT CLERK BARBARA DUNN IS ORDERED TO SHOW CAUSE.
CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ„ CONCUR. WALLER, C.J., AND KING, J., NOT PARTICIPATING.