*1285
ORDER

JAMES W. KITCHENS, Justice.
¶ 1. This matter came before the Court on T. Jackson Lyons & Associates, P.A.’s (Lyons) “Motion to Compel Circuit Clerk to Transmit Complete Record and to Stay Briefing Schedule,”[1] which was filed on April 26, 2011. Precious T. Martin, Sr. & Associates, PLLC (Martin), has not filed a response to the motion. Barbara Dunn, Circuit Clerk of Hinds County, Mississippi, has filed a response to the motion to compel.
¶ 2. Pursuant to orders of this Court and Rule 10 of the Mississippi Rules of Appellate Procedure, the Circuit Court of the First Judicial District of Hinds County, Mississippi, conducted a hearing with regard to whether the appellate record is complete. The circuit court also was ordered to determine whether the circuit clerk originally prepared the appellate record in accordance with the Mississippi Rules of Appellate Procedure, and if not, then the circuit court was to determine whether Lyons is entitled to attorney fees. *1286 The circuit court conducted a hearing on August 31, 2011, and found that the record, as supplemented, was complete for purposes of this appeal. The circuit court also found that the record, as originally prepared by the circuit clerk, was not prepared in accordance with the Mississippi Rules of Appellate Procedure. The circuit court found that the circuit clerk should bear the costs associated with supplementing the appellate record, but opined that the clerk’s failure to comply with the Mississippi Rules of Appellate Procedure was not the product of ill will or malice. The circuit court noted that employees in the circuit clerk’s office have not been adequately trained regarding the preparation of records for appeals, and went on to observe that “the cumulative result of the lack of training and lack of continuing education regarding rule compliance leads inevitably to the mishaps presently before the court.” The circuit court further found that Lyons had failed to prove that the circuit clerk’s errors had prejudiced that firm or caused it any damages.
¶ 3. By order entered on September 12, 2011, the parties and Dunn were given an opportunity to respond to the circuit court’s findings. Lyons filed “Appellant’s Response to Circuit Court’s Findings on Remand and Motion for Further Remedial Relief.” Lyons again requested that the circuit clerk be sanctioned for failure to fulfill her responsibilities. Neither Martin nor Circuit Clerk Dunn filed responses to the circuit court’s order or to Lyons’s latest motion.
¶ 4. Rule 10 of the Mississippi Rules of Appellate Procedure governs the content of the record on appeal and provides that “the record shall consist of designated papers and exhibits.” M.R.A.P. 10(a) (emphasis added). Rule 11 of the Mississippi Rules of Appellate Procedure establishes certain deadlines within which the clerk is to compile and transmit the appellate record and also requiring the clerk to retain a duplicate record in the trial court. M.R.A.P. 11(d) and (e). A trial court’s ruling sanctioning its clerk for failure to comply with Rules 10 and 11 of the Mississippi Rules of Appellate Procedure may be reviewed by this Court for an abuse of discretion. M.R.A.P. 2(b).
¶ 5. This Court’s case file, Lyons’s sworn motion to compel, the transcript of the circuit court hearing, and the circuit court’s findings of fact reveal that on January 4, 2011, Lyons filed a designation of the record with the circuit clerk. Various documents, including the briefs filed in the appeal from the county court to the circuit court, were specifically listed in the designation of the record. The circuit clerk failed timely to assemble the appellate record pursuant to Rule 11(d)(1) of the Mississippi Rules of Appellate Procedure, and the circuit clerk failed to seek an extension of that deadline. The circuit clerk did not notify the parties that the record was complete until March 2, 2011. On March 7, 2011, Lyons examined the documents that the circuit clerk offered as the appellate record. However, the circuit clerk incorrectly had provided the entire case file to Lyons, instead of the actual record that had been prepared for transmittal to the Supreme Court. M.R.A.P. 11(d) and 10(b). On March 9, 2011, the Lyons firm filed a Rule 10(b)(5) certificate certifying that it had examined the appellate record and that .the appellate record was complete. Once Lyons had filed its Rule 10(b)(5) certificate, the circuit clerk improperly excluded a number of documents from the appellate record, even though those documents had been properly designated. The circuit clerk failed timely to transmit the complete record to the Supreme Court pursuant to Rule 11(d)(2) of the Mississippi Rules of Appellate Procedure, and the circuit clerk did not seek an extension of *1287 the applicable deadline. The circuit clerk transmitted what she purported to be the appellate record, and it was marked filed by the Clerk of the Supreme Court on April 6, 2011.[2]
¶ 6. On April 18, 2011, counsel for Lyons checked out the appellate record from the Clerk of the Supreme Court for use in preparing Appellant’s principal brief. Counsel discovered that the record docketed with this Court was not the same record he had inspected at the circuit clerk’s office. Several properly designated documents had not been included in the appellate record. Counsel for Lyons immediately communicated with the circuit clerk’s office, by telephone and by letter, informing that office that the complete appellate record, as designated and certified, had not been transmitted and requesting that the missing documents be transmitted to the Supreme Court immediately. Counsel also met with employees of the circuit clerk’s office in an effort to convince them to transmit the documents which had been improperly excluded from the appellate record. The circuit clerk’s office refused to transmit the documents, but offered instead to supplement the record using a procedure not consistent with the Mississippi Rules of Appellate Procedure. Counsel for Lyons was told that Lyons would have to pay the additional costs associated with this “supplementation.” Counsel for Lyons responded that if the complete record was not transmitted as soon as possible, he would be forced to file a motion with this Court to compel the transmission and that he would seek his reasonable attorney fees as a sanction. The employees of the circuit clerk’s office persisted in their refusal to transmit the documents. Counsel for Lyons waited several days to give the circuit clerk an opportunity to transmit the documents which had been improperly excluded. On April 26, 2011, finding that the documents had not been transmitted, Lyons filed its motion to compel the circuit clerk to transmit the complete, designated appellate record. In that motion Lyons also requested that the circuit clerk be ordered to pay Lyons an amount sufficient to compensate it for reasonable attorney fees incurred and made necessary by the circuit clerk’s failure to assemble and transmit the complete appellate record. Lyons noted that the circuit clerk’s refusal to correct that office’s errors caused unnecessary expense and delay.
¶ 7. At the hearing conducted in the circuit court, Loretta Wells, an employee in the circuit clerk’s office, testified that she is the only employee in that office who prepares records for appeals. She has not received any training regarding the proper assembly and transmittal of appellate records. The circuit clerk has no procedures in place to document, track, and meet deadlines. Wells acknowledged that she did not understand the difference between a brief filed in support of a motion and a brief filed in an appeal.
¶ 8. Wells also testified regarding the preparation of the record for this particular appeal and admitted that the deadlines were not met. It does not appear that she read the designation of the record or the Rule 10(b)(5) certificate when they were filed. She testified that counsel for Lyons met with employees of the clerk’s office on April 19, 2011, and that, when counsel left the circuit clerk’s office on the evening of April 19, she immediately prepared the “supplemental” record. She testified that *1288 the supplemental record was delivered to the Clerk of the Supreme Court on the morning of April 20, 2011, which was several days before Lyons filed the motion to compel.
¶ 9. Wells’s testimony regarding the date the supplemental record was transmitted to the Clerk of the Supreme Court is not supported by the records of this Court. This Court’s file reveals that Wells did not transmit the supplemental record until after the motion to compel was filed. This Court’s file contains a letter signed by Wells, dated April 26, 2011, in which she acknowledged that certain documents were omitted from the appellate record and to which are attached the documents as a “certified supplemental record.”[3] No notification by the circuit clerk that a supplemental record was filed was provided to the parties. The letter and supplemental record were received and filed by the Clerk of the Supreme Court on April 28, 2011, eight days after Wells testified the record was delivered.
¶ 10. Had the omitted documents been transmitted by the circuit clerk on April 20, 2011, then Lyons’s motion to compel, and its request for sanctions, would have been unnecessary. Since the parties were not provided a copy of that letter, the parties and the circuit court had no way of knowing that Wells’s testimony was inaccurate. Given the apparent contradiction between Wells’s testimony and the record, the circuit court shall conduct an additional hearing to determine whether Wells falsely testified and, if so, take appropriate action.
¶ 11. The Court also finds that the circuit court abused its discretion in finding that Lyons was not damaged or prejudiced. Based on the pleadings, the testimony before the circuit court, and the circuit court’s findings, frequent systemic errors are occurring in the circuit clerk’s office. These errors are directly caused by the circuit clerk’s failure properly to train the employees in her office. The circuit clerk, not litigants, must bear the costs of these errors. Lyons has incurred unnecessary expense for its time and effort expended in attempting to persuade the clerk to transmit the designated appellate record. Had the clerk properly prepared the appellate record, as designated, Lyons would not have incurred any of these costs. Additionally, the circuit clerk’s errors delayed the filing of the complete appellate record in this matter and therefore, delayed this appeal. Clearly, Lyons was financially damaged.
¶ 12. The Court finds that Barbara Dunn, Circuit Clerk of Hinds County, Mississippi, shall be ordered to pay T. Jackson Lyons & Associates, P.A., an amount sufficient to compensate it for the reasonable attorney fees and related costs incurred as a result of the circuit clerk’s failure properly to transmit the appellate record. That amount shall include, but not necessarily be limited to, the preparation and filing of the “Motion to Compel Circuit Clerk to Transmit Complete Record and to Stay Briefing Schedule,” the “Appellant’s Motion to Lift Stay and to Re-Start the Briefing Schedule,” the time counsel and/or nonlawyer staff spent preparing for and appearing at the hearing of August 31, 2011, and the preparation and filing of the “Appellant’s Response to Circuit Court’s Findings on Remand and Motion for Further Remedial Relief.” Counsel for Lyons’s itemization of services was admitted into evidence during the circuit court hearing; however, none of the exhibits from that hearing was submitted to this Court. Therefore, this Court cannot calculate the amount of sanctions due. The Court remands this matter to the Honorable Tomie T. Green, Circuit Judge, for *1289 calculation, imposition, and collection of appropriate sanctions from the circuit clerk.
¶ IB. We further find that this case is yet another example of the recurring failures by Circuit Clerk Barbara Dunn to comply with the rules of the courts of Mississippi. The taxpayers of Hinds County, Mississippi, should not bear the costs of Dunn’s repeated errors. Therefore, the sanction shall be paid by Barbara Dunn personally and shall not be paid, in whole or in part, with public funds. See In Re Dunn, 84 So.3d 4 (Miss.2010); In Re Dunn, 84 So.3d 7 (Miss.2011). The account from which the sanction is paid shall contain only Barbara Dunn’s personal funds and shall not contain any public funds.
¶ 14. In its motions, Lyons also requests that the circuit clerk be ordered to pay sanctions to this Court and be required to produce a written plan of correction for the systemic faults revealed in the course of this appeal. We do not find that the circuit clerk should be ordered to pay sanctions to this Court, but we agree that the circuit clerk must immediately implement procedures to correct the numerous errors that are occurring in her office. Therefore, Barbara Dunn is hereby ordered immediately to provide appropriate and adequate training and education for all of the employees in the office of the Circuit Clerk of Hinds County, Mississippi. Section 9-1-29 of the Mississippi Code states that “[ejach court shall have control over all proceedings in the clerk’s office, and such control shall be exercised in a manner consistent with the Mississippi Rules of Civil Procedure.” Therefore, the Circuit Court for the First Judicial District of Hinds County, Mississippi, and the Circuit Court for the Second Judicial District of Hinds County, Mississippi, shall oversee the implementation of a training program in the circuit clerk’s office.
¶ 15. Accordingly, Lyons’s request for sanctions and remedial relief is granted on the basis set forth herein. Since the appellate record is now complete for purposes of the appeal, the motion to compel the circuit clerk to transmit the complete record is hereby dismissed as moot.
¶ 16. IT IS THEREFORE ORDERED that
1. The “Motion to Compel Circuit Clerk to Transmit Complete Record and to Stay Briefing Schedule” and the “Appellant’s Response to Circuit Court’s Findings on Remand and Motion for Further Remedial Relief’ filed by T. Jackson Lyons & Associates, P.A., are granted in part and dismissed as moot in part as discussed herein.
2. On or before March 20, 2012, Honorable Tomie T. Green, Circuit Judge for the First Judicial District of Hinds County, Mississippi, shall calculate and impose the sanctions against the circuit clerk for her failure to comply with Rules 10 and 11 of the Mississippi Rules of Appellate Procedure. This amount shall be paid by Dunn personally and shall not be paid from an account containing public funds.
3. Barbara Dunn immediately shall provide adequate training and education for all of the employees in the office of the Circuit Clerk of Hinds County, Mississippi, as provided herein.
4. The circuit court shall conduct an additional hearing to determine whether Wells falsely testified and, if so, take appropriate action.
5. The Clerk of this Court shall send copies of this order to Barbara Dunn, Circuit Clerk of Hinds County, as well as her employee, Loretta Wells.
*1290 6. The Clerk of this Court shall spread this order upon the minutes of the Court and shall forward a true certified copy hereof to West Publishing Company for publication as soon as practical in the advance sheets of Southern Reporter, Third Series (Mississippi Edition).
¶ 17. SO ORDERED.
WALLER, C.J., NOT PARTICIPATING.
[[Image here]]

. By order entered on May 11, 2011, this Court stayed the briefing schedule. A supplemented record was filed and, by order entered on August 4, 2011, the stay was lifted and the briefing schedule reissued.

. The circuit clerk's employee’s testimony is not completely clear, but suggests that duplicate copies of all documents contained in appellate records are not retained in the circuit clerk's office. Such practice violates Rule 11(e) of the Mississippi Rules of Appellate Procedure.

. A copy of Wells's letter is attached to this order as Exhibit A.