*590
 

 ORDER
 

 GEORGE C. CARLSON, JR., Presiding
 

 Justice,
 

 for the Court.
 

 This matter came before the Court en banc on the Court’s own motion. This Court previously ruled on a motion filed by the Mississippi Public Employees’ Retirement System (P.E.R.S.) wherein it sought to appeal from a final order entered by the Circuit Court of the First Judicial District of Hinds County, Mississippi.
 
 See Public Employees’ Retirement System v. Welch,
 
 2011-SA-00127. The evidence presented by P.E.R.S. in its motion reveals that Circuit Judge Tomie T. Green signed the “Memorandum Opinion and Order” on January 25, 2010. The circuit court’s general docket bears a purported date of entry for the memorandum opinion of January 29, 2010. The general docket also bears a purported date of entry for a “Judgment” of January 26, 2010. The general docket indicates that the clerk failed to give notice of the entry of the judgment to the parties or their counsel. The general docket indicates that the clerk mailed a copy of the memorandum opinion to a person who is neither a party in the case nor an attorney for a party in the case. The general docket indicates that the clerk failed to give notice of the entry of the memorandum opinion to the parties or their lawyers. The general docket indicates that orders were entered on August 9, 2007, June 3, 2008, and July 80, 2008; however, the clerk failed to notify the parties or their counsel regarding these orders and the clerk failed to note such service in the docket.
 

 P.E.R.S. offers the affidavit of an employee of the Mississippi Attorney General’s Office who was responsible for tracking opinions and orders issued by the circuit court. The affiant states that she regularly contacted the Hinds County Circuit Clerk’s office to inquire about the status of the case, but she was never informed that a judgment or a memorandum opinion had been entered in the general docket. The affiant also states that beginning in October of 2010, she began checking the circuit clerk’s online database weekly in an effort to determine the status of the case. The affiant states that on January 7, 2011, she checked the circuit clerk’s online database and no memorandum opinion was listed in the general docket. The affiant states that on January 13, 2011, a copy of the memorandum opinion was delivered to P.E.R.S. by Welch. On that same date the affiant checked the circuit clerk’s online database and discovered the docket entries bearing dates in January 2010.
 

 Section 9-7-171 of the Mississippi Code requires the circuit clerk to keep a general docket which accurately reflects informa
 
 *591
 
 tion including, but not limited to, the names of the parties and the time of the filing of all papers in a case. Rule 77(d) of the Mississippi Rules of Civil Procedure states, in pertinent part:
 

 (d) Notice of Orders or Judgments.
 
 Immediately
 
 upon the entry
 
 [1]
 
 of an order or judgment the clerk
 
 shall serve a notice
 
 of the entry in the manner provided for in Rule 5
 
 upon each party
 
 who is not in default for failure to appear, and
 
 shall make a note in the docket of the service. ...
 

 M.R.C.P. 77(d) (emphasis added). Rule 79 of the Mississippi Rules of Civil Procedure governs entries by the circuit clerk in the general docket. The rule requires that “[t]he entry of an order or judgment shall show the date the entry is made.” M.R.C.P. 79(a). The comment to the rule explains that the general docket must be kept in chronological order and states, in pertinent part:
 

 Rule 79(a)
 
 requires
 
 that the clerk of each court maintain a general docket, which is a
 
 chronological log
 
 of activities in civil actions.... Rule 79(a) also specifies that the docket entries reflect the date on which the entries are
 
 made in the general docket.
 
 Since several important time periods and deadlines are
 
 calculated from the date of the entry
 
 of judgments and orders, these entries
 
 must accurately reflect the actual date of the entries rather than another date,
 
 such as the date on which a judgment or order is signed by the judge. See, for example, Rule 58 mandating that a judgment is effective only when entered as provided in Rule 79(a), and Rule 59 which requires that motions to alter or amend judgments be filed within ten days after the entry of judgment.
 

 M.R.C.P. 79(a) cmt. (emphasis added).
 

 From the evidence offered by P.E.R.S., it appears that the judgment and the memorandum opinion were not actually entered in the general docket by the circuit clerk until sometime between January 7, 2011, and January 13, 2011. It appears that false dates were entered in the general docket. It appears that the circuit clerk failed immediately to provide notice to each party regarding the entry of the judgment, the memorandum opinion, and three orders. Accordingly, by order entered on February 23, 2011, Barbara Dunn, Circuit Clerk of Hinds County, Mississippi was ordered to show cause why sanctions should not be imposed against her.
 
 [2]
 

 Dunn timely filed her response to the show cause order. Her response includes the affidavit of one of her employees. Dunn and her employee admit that various clerical errors were made in this case. Dunn and her employee deny that false dates were entered in the general docket.
 

 After due consideration, the Court finds that it does not have sufficient evidence before it to determine if violations of Rules 77 and 79 of the Mississippi Rules of Appellate Procedure and Section 9-7-171 of the Mississippi Code have occurred. The Court finds that this matter should be
 
 *592
 
 remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi, for an evidentiary hearing. The circuit court should receive evidence and testimony from all employees in the circuit clerk’s office who have personal knowledge of this case. The circuit court should also receive evidence and testimony from employees of P.E.R.S. and employees of the Mississippi Attorney’s General’s Office who have personal knowledge of this case. The circuit court should receive any other evidence and testimony that the court deems appropriate.
 

 IT IS THEREFORE ORDERED that this matter is hereby remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi. The circuit court shall conduct the evidentiary hearing before May 23, 2012. The circuit court shall make findings of fact regarding the issues discussed herein and shall submit those findings of fact to this Court on or before June 13, 2012.
 

 IT IS FURTHER ORDERED that the Clerk of this Court shall send copies of the following documents to the circuit court: “Motion for Out of Time Appeal” filed by P.E.R.S. on January 27, 2011 in docket number 2011-SA-00127; “Show Cause Order” entered by this Court on February 23, 2011; response to the show cause order filed by Dunn on March 25, 2011. The Clerk of this Court shall send copies of this order to Barbara Dunn, Circuit Clerk of Hinds County, Mississippi, and counsel for P.E.R.S.
 

 IT IS FURTHER ORDERED that this order be published. The Clerk of this Court shall spread this order upon the minutes of the Court and shall forthwith forward a true certified copy hereof to West Publishing Company for publication as soon as practical in the advance sheets of the
 
 Southern Reporter, Third Series (Mississippi Edition).
 

 SO ORDERED.
 

 WALLER, C.J., not participating.
 

 [1]
 

 . "The date of entry of judgment is the date the judgment is entered in the general docket of the clerk of the court.” M.R.A.P. 4 cmt.
 

 [2]
 

 . It should be noted that in May 2008, Dunn was sanctioned for her failure to comply with Section 9-7-171 of the Mississippi Code and Rules 77 and 79 of the Mississippi Rules of Civil Procedure.
 
 See Garlock Sealing Technologies, LLC. v. Pittman,
 
 - So.3d -, 2010 WL 4009151). A docket entry was backdated in that case. In September 2010, Dunn again was sanctioned for her failure to comply with Rule 77(d) of the Mississippi Rules of Civil Procedure.
 
 In Re Dunn,
 
 - So.3d -, 2010 WL 3785384 (Miss.2010).