KITCHENS, Justice,
for the Court:
¶ 1. This matter is before the Court as the result of Hinds County Circuit Clerk Barbara Dunn’s having undertaken to pay a $5,000 sanction that this Court imposed on her in September 2010, In Re Dunn (“Dunn I”), 84 So.3d 4 (Miss.2010), by means of a bank check drawn on the “Hinds County Barbara Dunn Circuit Clerk Fee Account,” signed by her, after having been specifically ordered by this Court in its decision of September 30, 2010, to pay the sanction from her personal funds, and not to pay the amount, in whole or in part, from public funds. In addition, we ordered Dunn on April 7, 2011, In Re Dunn (“Dunn II”), 84 So.3d 7 (Miss.2011), to take certain remedial measures to correct specified clerical deficiencies in her offices and report to us in writing concerning her progress in that regard, and she has not satisfactorily complied with that directive.
¶ 2. In our opinion of April 7, 2011, we noted that the $5,000 payment we had received from the clerk was from the above-entitled bank account, and that “The very name of that account suggests that it contains public rather than private funds.” Dunn II, 84 So.3d at 8. Accordingly, we ordered that:
Within ten days of the date of the entry of this decision, Dunn shall provide documentary proof to this Court that she *476 has repaid that account with her personal funds. Alternatively, if the referenced checking account is a repository for Dunn’s private funds only, she shall provide this Court sworn documentation to that effect, also within ten days. Further, she shall, within said ten days, show cause to this Court, in writing, if any she can, why she should not be held in contempt of this Court for having paid the monetary sanction levied upon her by this Court on September 30, 2010, from a checking account containing public funds, if that be the case.

Id.

¶ 3. Within the ten-day period, on April 15, 2011, Dunn filed with this Court her sworn “RESPONSE OF BARBARA DUNN, HINDS COUNTY CIRCUIT CLERK TO SHOW CAUSE ORDER.” Attached to that pleading was a copy of Dunn’s personal check payable to “Hinds County Barbara Dunn Fee Aect.” in the amount of $5,000. In her response, Dunn explained the attached check as follows:
I have attached a copy of my personal check in the amount of $5,000.00 which has been deposited in my fee account. See Exhibit “A” attached hereto. This is done to remove any question as to the source of the $5,000.00 which I have paid to satisfy the sanction imposed by the Court. A portion of my fee account is, by law, my personal money but, to make sure that I have complied with the Court’s previous Show Cause Order, I have reimbursed my fee account with funds from my personal account.
(Emphasis added.)
¶ 4. This is the totality of Dunn’s response concerning her having initially tendered to this Court a $5,000 sanction payment from a fund — the “Hinds County Barbara Dunn Circuit Clerk Fee Account” — which, based on her sworn explanation, contained her “personal money,” but only partially so. When given the opportunity to demonstrate that the circuit clerk fee account is a repository for her private funds only, Mrs. Dunn responded, under oath, that “A portion of my fee account is, by law, my personal money. ...”
¶ 5. Mississippi circuit clerks’ compensation for services rendered is generated by their collection of various statutory fees. Mississippi Code Section 9-1-43 (Rev. 2002) caps all circuit and chancery clerks’ personal compensation at $90,000 per year, and further provides that “All such fees received by the office of chancery or circuit clerks that are in excess of the salary limitation shall be deposited by such clerk into the county general fund on or before April 15 for the preceding calendar year.” Thus, in counties in which the fees collected annually exceed $90,000, a circuit clerk’s fee account contains both public funds and funds that eventually will belong to the clerk as payment for his or her work performed for the public.
¶ 6. The $5,000 sanction that this Court levied upon Circuit Clerk Dunn was a personal sanction that was imposed upon her and her alone, and she plainly and unequivocally was ordered not to satisfy the sanction, in whole or in part, from public funds. Rather, she was specifically ordered to “pay unto the Clerk of this Court the sum of $5,000, from her personal funds.” Dunn I, 84 So.3d at 7.
¶ 7. When Circuit Clerk Barbara Dunn paid her $5,000 sanction to the clerk of this Court with a check drawn on the Hinds County Circuit Clerk’s fee account, she did so with full knowledge that she was paying a personal, court-ordered sanction from an account in which monies which would become hers routinely were commingled with public funds, and that this manner of payment of the sanction was in clear violation of this Court’s plain and unambiguous or *477 der that she could not satisfy this obligation, in whole or in part, from public funds. In her sworn response, she has stated no reason “why she should not be held in contempt of this Court for having paid the monetary sanction levied upon her by this Court ... from a checking account containing public funds.... ” Dunn II, 84 So.3d at 8. We find that Dunn’s original payment did not come from an account which is a repository for Dunn’s private funds only.
¶ 8. In the decision of April 7, 2011, we also found that Circuit Clerk Dunn had a history of noncompliance with Rule 77(d) of the Mississippi Rules of Civil Procedure by repeatedly having failed to provide notice of the entry of civil orders and judgments to “each party,” as required by the rule. Accordingly, we ordered:
In addition, within the ten days herein provided, Circuit Clerk Barbara Dunn shall file with this Court a detailed, written narrative, under oath, meticulously describing what, if any procedures and practices she has implemented in each of her offices to assure her full and consistent compliance with Rule 77(d) of the Mississippi Rules of Civil Procedure, whereby all litigants in the Circuit and County Courts of the First and Second Judicial Districts of Hinds County, Mississippi, and their attorneys, shall receive from the clerk immediate and accurate notice of the entry of all orders and judgments rendered by the several judges of these courts in the cases in which such litigants and their counsel appear. The clerk’s explanation shall include a clear and precise statement of: (1)the manner and means by which the identities and addresses of parties and their attorneys are ascertained by the clerk; (2) when this is done in relation to the filing of pleadings by the parties (including instances in which pleadings are received from other courts); (3) how and when this information is recorded by the clerk or her designees; and (4) what controls are in place for verification that, in each and every case, such information is timely and accurately recorded, and that notices of the entry of all orders and judgments are served on all parties not in default, in the manner provided by Rule 5 of the Mississippi Rules of Civil Procedure.
Id. at 9. Dunn’s sworn response to the Dunn II decision of this Court fails to provide a “clear and precise statement” regarding:
(1) the manner and means by which the identities and addresses of parties and their attorneys are ascertained by the clerk;
(2) when this is done in relation to the filing of pleadings by the parties (including instances in which pleadings are received from other courts);
(3) how and when this information is recorded by the clerk or her designees; and
(4) what controls are in place for verification that, in each and every case, such information is timely and accurately recorded, and that notices of the entry of all orders and judgments are served on all parties not in default, in the manner provided by Rule 5 of the Mississippi Rules of Civil Procedure.
¶ 9. Dunn has failed to demonstrate to this Court that she has implemented practices and procedures to assure her offices’ full and consistent compliance with Rule 77(d) of the Mississippi Rules of Civil Procedure, whereby all litigants in the Circuit and County Courts of the First and Second Judicial Districts of Hinds County, Mississippi, and their attorneys, receive from the clerk immediate and accurate notice of the entry of all orders and judgments rendered by the several judges of *478 these courts in the cases in which such litigants and their counsel appear.
¶ 10. Recently, on January 26, 2012, Dunn was sanctioned for failing to comply with Rules 10 and 11 of the Mississippi Rules of Appellate Procedure. Lyons v. Martin, 83 So.3d 1284 (Miss.2012) (order). In addition to monetary sanctions, this Court ordered “that the circuit clerk must immediately implement procedures to correct the numerous errors that áre occurring in her office ... and immediately shall provide appropriate and adequate training and education for all of the employees in the office of the Circuit Clerk of Hinds County, Mississippi.” Id. at 1289. In the interest of clarity, we add that, although the Lyons case involved errors in preparing an appellate record, the ordered training and education of employees in the circuit clerk’s office is not to be limited to training with regard to the Rules of Appellate Procedure. The remedial measures ordered in Lyons shall address compliance with all court rules and statutes that apply to the office of the Circuit Clerk of Hinds County, including, as in the present case, Mississippi Rule of Civil Procedure 77(d).
¶ 11. For Circuit Clerk Barbara Dunn’s failures to comply with the orders and directives of this Court, as enumerated herein, we hereby find and adjudicate that she, the said Barbara Dunn, is in wilful and contumacious contempt of the Supreme Court of Mississippi, for which she should be, and she is hereby, sanctioned in the amount of $10,000, which amount she shall wholly pay from her personal funds, and not from public funds, to the clerk of this Court, together with costs of this proceeding, within ten calendar days of the date of this decision.
¶ 12. HINDS COUNTY CIRCUIT CLERK BARBARA DUNN IS SANCTIONED.
CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. WALLER, C.J;, AND KING, J., NOT PARTICIPATING.