613 So.2d 312 (1993)
WHITNEY NATIONAL BANK OF NEW ORLEANS
v.
Cecil G. Smith, Jr., a/k/a, Gill Smith.
No. 90-CA-110.
Supreme Court of Mississippi.
February 11, 1993.
*313 Daniel J. Mulholland, Alan W. Perry, Fred Krutz, III, Forman Perry Watkins & Krutz, Jackson, for appellant.
Terryl K. Rushing, Alston Rutherford Tardy & Van Slyke, Jackson, R.L. Netterville, Natchez, for appellee.
En Banc.
BANKS, Justice, for the Court:
Here we are compelled to treat an instance wherein a court, without notice to the plaintiff, entered an ex parte order amending a previous order, from dismissal of plaintiff's claim without prejudice, to dismissal with prejudice. Finding that the procedure utilized egregiously offends all notions of due process and acceptable conduct, and further that the amending order, on its merits, was patently unjustified, we reverse and render.

I
The matter involves the efforts of plaintiff Whitney National Bank of New Orleans (Whitney), to collect the balance due on a note allegedly made by Cecil Gill Smith, a Natchez lawyer. Whitney initiated proceedings in a federal court in Louisiana. After some negotiations between the parties, those proceedings were dismissed without prejudice for failure to prosecute. Whitney again instituted proceedings in the federal district court in Louisiana. In this proceeding, on June 3, 1987, Whitney took a default judgment against Smith in the amount alleged to be due on the note, after Smith failed to answer or otherwise appear. It is when Whitney sought to enroll and execute on that judgment in the courts of our state, that proceedings which led to this appeal began.
Whitney filed its judgment in Adams and Jefferson Counties, Mississippi, where Smith is alleged to have property, and instituted proceedings in the Circuit Court of Adams County to have the judgment enforced on February 2, 1988. On February 25, the court granted Smith 45 days in which to answer. On April 26, Smith having failed to answer, Whitney obtained entry of default and served notice of a motion for default judgment on Robert Netterville, Esq. Smith responded, pro se, with a motion to strike the default and to continue the motion for default judgment asserting a previous commitment, improper service of the notice of motion on an attorney not of record and a meritorious defense to the action on the merits. Smith filed an answer and counter-claim alleging damages for the wrongful enrollment of a void judgment with his motion. The court entered an order continuing the motion for default judgment.
Whitney served notice of deposition upon Smith to take his deposition. Smith then, on May 10, 1988, moved for summary judgment asserting the insufficiency of service for the Louisiana judgment and a motion to quash the notice of deposition. Whitney then filed a motion for leave to amend to assert a direct claim on the note. The motion for leave to amend was granted by order entered May 13. On May 18, the court, at Whitney's behest, entered an order dismissing the judgment from the rolls of Adams and Jefferson Counties without prejudice. Two days later Smith voluntarily dismissed his counter-claim.
On May 24, 1988, Smith filed an affidavit in support of his motion for summary judgment, a motion to dismiss the amendment to the complaint under Rule 12(b)(6) and a notice scheduling the motions for hearing on May 31. Whitney responded with a motion for continuance asserting its right to ten days to respond to the affidavit. An agreed setting for June 10 was arrived at by the parties. On June 7, Whitney notified Judge Benoist that it had instituted proceedings on the note in the federal district *314 court, that it confessed that the Louisiana judgment was void, and that it was willing to dismiss its direct claim without prejudice.
Thereafter both sides prepared proposed orders and there was a discussion concerning the orders with Judge Benoist. A partial record of that discussion was preserved. On June 10, 1988, the court entered an order granting Smith's motion for summary judgment and dismissing his counter-claim and Whitney's claim on the note without prejudice.
The federal litigation proceeded. Smith defended there asserting, inter alia, that the debt on the note had merged into the Louisiana judgment and further that the decision of the Circuit Court of Jefferson County striking that judgment from the rolls was res judicata. Whitney responded that the judgment in question had been set aside in Louisiana.
Smith secured copies of the documents from the Louisiana court verifying that the Louisiana judgment had been vacated on Whitney's motion on June 7. Thereafter, he approached Judge Edwin Benoist, ex parte, without notice, complaining that the actions in Louisiana had been taken without his knowledge and that he was therefore entitled to an order dismissing Whitney's action with prejudice. Judge Benoist, who had presided over all proceedings to date, acquiesced and, still without notice, entered an order dismissing Whitney's claim with prejudice on November 18, 1988. That order read in pertinent part as follows:
This cause came on this day on motion of defendant, Cecil Gill Smith, Jr., ore tenus, under Rule 60(a) and 60(b)(2) and (3), and the court, being duly advised of the premises that the Judgment, rendered herein on 10 June, 1988, should have read "with prejudice". The court has ascertained that there is newly discovered evidence that has been uncovered which by due diligence could not have been discovered at the time of the hearing; therefore, the Court sustains the motion of Cecil Gill Smith, Jr., and the Court on its own motion and own initiative, after being full advised of the premises, as authorized by Rule 60, corrects the mistake and corrects the Judgment to read as follows:
* * * * * *
That defendant's MOTION TO DISMISS THE AMENDMENT TO THE COMPLAINT of plaintiff be and the same is granted, with prejudice to the plaintiff.
About ten days later, Smith, through counsel, served a copy of this order on Whitney as an attachment to a filing in the federal court litigation. Whitney moved to set aside the order. That motion was heard by Philip Corby, Esq., an acting circuit judge, because Judge Benoist was unavailable, due to an illness from which he never recovered. At the hearing, Smith admitted the ex parte communication and suggested that in his view Judge Benoist had changed the order because of what had been done in Louisiana. Smith testified that he prepared this order before ever speaking to Judge Benoist and that the only "new evidence" discussed was the revelation that Whitney had vacated the Louisiana judgment on June 7.
Judge Corby, nevertheless, refused to set aside the order and this appeal ensued from his order and the order of Judge Benoist. Whitney filed appeal to this Court from the order amending the judgment and the denial of the Rule 60(b) Motion to Vacate the Amended Judgment. Whitney seeks review of the following issues:

I. Whether the Amended Judgment which resulted from an ex parte, meeting between Smith and Judge Benoist denied Whitney Due Process and should therefore be vacated?

II. Whether Whitney's claim on the Note should have been dismissed with prejudice.

II
Whitney and Smith urge different standards of review. Whitney maintains that since Judge Benoist granted Smith's motion to dismiss, the standard of review can *315 be found in Lester Eng. v. Richland Water & Sewer Dist., 504 So.2d 1185 (Miss. 1987). There, the Court citing from Busching v. Griffin, 465 So.2d 1037, 1039 (Miss. 1985) articulated, "A motion to dismiss under Miss.R.Civ.P. 12(b)(6) tests the legal sufficiency of the complaint ... to grant this motion there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim." 504 So.2d at 1187.
Smith asserts that the proper standard is whether the Circuit Court of Adams County abused its discretion in a manner that was "arbitrary and clearly erroneous." Bell v. City of Bay St. Louis, 467 So.2d 657, 661 (Miss. 1985). See also, In re Jee, 799 F.2d 532, 535 (9th Cir.1986), cert denied, 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987). The proper standard is that stated by appellee Smith. Here, this Court is not dealing solely with the question of whether the motion to dismiss under Miss.R.Civ.P. 12(b)(6) was correct. Instead, the over-all determination is whether Judge Benoist erred in amending the judgment as a result of his ex parte communications with Smith. As such, the proper standard to employ is whether the trial court arbitrarily and erroneously abused its discretion.

III
Whitney submits that it was entitled to notice of, and an opportunity to be heard regarding Smith's effort to obtain an amendment of the June 10, 1988, judgment. Whitney also maintains that by engaging in an ex parte hearing, Judge Benoist deprived its due process rights. Whitney argues that Smith's assertion that the court merely corrected a clerical error sua sponte and was thus authorized to conduct the ex parte meeting, is without legal support or factual support.
Whitney admits that evidence outside a record can be the basis of a clerical error, but submits that the evidence may only be used when the parties have had notice and an opportunity to comment on the evidence before the judgment is amended. See Albion-Idaho Land Co. v. Adams, 58 F. Supp. 579, 580 (D.Idaho 1945); 11 C. Wright and A. Miller, Federal Practice and Procedure, § 2855, at 155 (2d ed. 1974)
Smith relies on Miss.R.Civ.P. 60(a) to support his proposition that a court has wide latitude in correcting clerical mistakes in a judgment. Smith contends that the amended judgment clearly reflects that the June 10, 1988, order "should have read `with prejudice' instead of and in place of `without prejudice.'" According to Smith, this statement by Judge Benoist was a finding of fact which cannot be disturbed by this Court. In addition, Smith states that the June 10, 1988, transcript is incomplete and not fully reflective of what occurred, but that handwritten notes of Judge Benoist on the proposed order show that he intended to grant Smith's motion for summary judgment and that the judgment presented in support of that motion would have dismissed Whitney `with prejudice.'
Rule 60(a) provides:
(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders up until the time the record is transmitted by the clerk of the trial court to the appellate court and the action remains pending therein. Thereafter, such mistakes may be so corrected only with leave of the appellate court.
The purpose of Rule 60(a) has been set forth in its comment. "Rule 60(a) prescribes an efficient method for correcting clerical errors appearing in judgments, orders, or other parts of a trial record; errors of a more substantial nature must be corrected in accordance with Miss.R.Civ.P. 59(e) or 60(b). Thus, the Rule 60(a) procedure can be utilized only to make the judgment or other document speak the truth; it cannot be used to make it say something other than was originally pronounced." See e.g., West Va. Oil & Gas Co. v. Breece Lumber Co., 213 F.2d 702 (5th Cir.1954).
*316 Miss.R.Civ.P. 59 provides for new trials or amendment of judgment. Rule 59(e) sets forth that "[a] motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment." The comment states that the court is not allowed to extend the time frame. Rule 60(b) governs "Mistakes, Inadvertence, Newly Discovered Evidence, Fraud, etc." The rule in pertinent part provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ...
* * * * * *
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation ...
Judge Benoist stated in his amended judgment that he was changing the June 10, 1988, judgment because there was newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). Smith argues in his brief that this statement by the judge was mere surplusage and should not have been included. Yet his testimony suggests that information concerning what had taken place in Louisiana prompted Judge Benoist's action. He argues here that this Court should find that Whitney engaged in some type of "unethical" or fraudulent behavior by filing a number of false affidavits and enrolling a void judgment against Smith in Adams and Jefferson County.
The comment to Rule 60(a) makes clear what should be obvious to all: the power granted in the rule cannot be utilized to change the effect of a judgment, where the changed effect is not manifest from the record that the change reflects the original intent. The change from "without prejudice" to that of "with prejudice" constituted a change in the legal substance of the original judgment. Smith states that the judge's handwritten notes reflect "with prejudice." This claim lacks evidentiary support. No accurate view of Judge Benoist's intent may be gleaned from the notes in question without further elucidation. Moreover, the best evidence of what was intended was what was said, not preliminary notes. Finally, the evidence is clear that the amending order was provoked, not by realization of an error but by subsequent information conveyed ex parte. Assuming arguendo a colorable claim for modifying the original order, the proper vehicle was Rule 60(b).

IV
Whitney also argues that there was no basis for dismissing it with prejudice. Whitney brought a suit to enforce a judgment. It amended that suit to bring a direct action on the underlying debt. When it was determined that the judgment was void for lack of jurisdiction, Whitney confessed summary judgment as to that portion of its action, but not as to the direct action. There were no grounds readily apparent for dismissal of the direct action. True, Whitney had commenced a direct action which had been dismissed for failure to prosecute and a second action for which it did not get proper service of process upon Smith. These actions, together or standing alone, are insufficient, however, to mandate dismissal of a subsequent action with prejudice as evinced by the fact that Smith has been unable to cite a single authority supporting such an action. He argues disingenuously that Whitney was somehow engaged in skullduggery by dismissing the Louisiana judgment without notice to him. When one considers that Smith never answered the action and took the position that he was improperly served and that therefore the Louisiana court never acquired jurisdiction rendering the judgment void, it becomes readily apparent that *317 Smith's argument in this regard is specious.

V
For the foregoing reasons the Amended Judgment of the circuit court is hereby vacated and the original order of dismissal without prejudice is reinstated.
REVERSED AND ORDER OF DISMISSAL WITHOUT PREJUDICE REINSTATED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN and McRAE, JJ., concur.
DAN M. LEE, P.J., not participating.
ROBERTS and SMITH, JJ., not participating according to Supreme Court Internal Rules.