KITCHENS, Justice,
for the Court:
¶ 1. The Public Employees’ Retirement System (PERS) filed a motion seeking to appeal a final order entered by the Circuit Court of the First Judicial District of Hinds County, Mississippi. See Public Employees’ Ret. Sys. v. Welch, Case NO.201 l-SA-00127.[1] PERS supported the motion with an affidavit of an employee of the Attorney General’s office assigned to PERS who was responsible for tracking opinions and orders issued by the circuit court. The affiant stated that she regularly contacted the circuit clerk’s office to ascertain the status of the case. The affi-ant swore that she was not told that a decision had been entered. The affiant stated that, beginning in October 2010, she began checking the circuit clerk’s online database weekly in an effort to determine the status of the case. She said in her affidavit that no decision was listed in the general docket. The affiant reported that she had checked this database on January 07, 2011, and determined that no decision was listed in the general docket. The affiant went on to say that she had checked the database again on January 13, 2011, and discovered docket entries for a final decision bearing dates in January 2010.
¶2. In addition to questions about the time that the circuit court’s decision had beén entered in the general docket, the general docket itself revealed that the circuit clerk had failed to give notice of the entry of several other orders to the parties or their counsel.
¶ 3. On February 23, 2011, we entered a show-cause order. Barbara Dunn, Circuit Clerk of Hinds County, Mississippi, was directed to respond and show cause why sanctions should not be imposed. Dunn timely responded and included the affidavit of one of her employees. Dunn and her employee admitted that clerical errors were made in this case. They denied, however, that any docket entries were backdated, and asserted that the PERS affiant was lying.
¶ 4. The information provided by Dunn revealed that her office erroneously had sent notice regarding the circuit court’s final decision to the address of a deceased lawyer who had never been involved with this case. Dunn’s office failed to send notice to anyone else. This occurred because the circuit clerk’s office relied solely on the entry of one lawyer’s bar number in order to add that lawyer’s name and con *490 tact information to the general docket. The clerk mistyped[2] the bar number, and the clerk’s office had no mechanism to detect this error. The clerk’s office had no procedures in place to verify the accuracy of the names and addresses of the parties or their counsel. PERS’s counsel of record was never added to the general docket.
¶ 5. By a published en banc order entered on March 1, 2011, we noted the following concerns:
1) The circuit clerk failed to give notice of the entry of the judgment to the parties or their counsel.
2) The circuit clerk mailed a copy of the memorandum opinion to a person who was neither a party in the case nor an attorney for a party. The circuit clerk failed to give notice of the memorandum opinion to the parties or their counsel.
3) The general docket indicates that orders were entered in August 2007, June 2008, and July 2008; however, the circuit clerk failed to give notice of the entry of these orders to the parties or their counsel.
4) Based on the PERS affidavit, were false dates entered in the general docket?
We stated that we did not have sufficient evidence before us to determine whether violations of Rules 77 and 79 of the Mississippi Rules of Civil Procedure and Section 9-7-171 of the Mississippi Code had occurred. Therefore, we ordered the circuit court to conduct an evidentiary hearing. Circuit Judge Tomie Green and Circuit Judge William A. Gowan conducted the evidentiary hearing.[3] The circuit court’s findings of fact, a copy of the transcript, and the exhibits were filed with the Clerk of this Court. Interested parties were given the opportunity to respond to the findings of fact; however, no responses were filed.
¶6. In its findings of fact, the circuit court found that the “Memorandum Opinion and Order” and the “Judgment” noted in the general docket were one and the samé document. The circuit clerk’s office called the Memorandum Opinion and Order a judgment in the docket because it was a final, appealable ruling pursuant to the Mississippi Rules of Civil Procedure 54. The circuit court found no evidence that the docket entries had been backdated. The circuit court pointed out that the PERS affiant’s testimony at the hearing was “in stark contrast to her prior sworn testimony in her affidavit submitted to” this Court. (Emphasis added.) The circuit court found that the circuit clerk’s office mistakenly had entered the bar number of the wrong attorney in the general docket and described this as a data-entry error. The circuit court found that this explained why Welch was not sent notice. (The circuit court did not determine why PERS’s counsel 'was not sent notice.) The circuit court found that the clerk’s failure to give notice regarding the entry of other orders “has already been addressed by [the Mississippi Supreme Court] and subsequent changes are being made to prevent further violations.”
¶ 7. This matter is now ready for final decision by this Court.

ANALYSIS

¶ 8. Section 9-7-171 of the Mississippi Code requires the circuit clerk to keep a *491 general docket of civil cases which accurately reflects information including, but not limited to, the names of the parties and the time of the filing of all papers in a case. Mississippi Rule of Civil Procedure 77(d) provides, in pertinent part:
(d) Notice of Orders or Judgments. Immediately upon the entry[4] of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the service.
[[Image here]]
M.R.C.P. 77(d) (emphasis added). Mississippi Rule of Civil Procedure 79 governs entries by the circuit clerk in the general docket. The rule requires that “[t]he entry of an order or judgment shall show the date the entry is made.” M.R.C.P. 79(a). The comment to the rule explains that the general docket must be kept in chronological order and states, in pertinent part,
Rule 79(a) requires that the clerk of each court maintain a general docket, which is a chronological log of activities in civil actions.... Rule 79(a) also specifies that the docket entries reflect the date on which the entries are made in the general docket. Since several important time periods and deadlines are calculated from the date of the entry of judgments and orders, these entries must accurately reflect the actual date of the entries rather than another date, such as the date on which a judgment or order is signed by the judge. See, for example, Rule 58 mandating that a judgment is effective only when entered as provided in Rule • 79(a), and Rule 59 which requires that motions to alter or amend judgments be filed within ten days after the entry of judgment.
M.R.C.P. 79(a) cmt.
¶ 9. On May 1, 2008, Dunn was sanctioned by this Court in a similar but unrelated case for her failure to comply with Section 9-7-171 of the Mississippi Code and Rules 77 and 79 of the Mississippi Rules of Civil Procedure. See Garlock Sealing Tech., LLC v. Mary Pittman, Case No.2008-M-00177-SCT. The evidence in that case revealed that the entry of an interlocutory order had been backdated in the general docket.[5] In addition, notice of the order had not been provided to all parties. Dunn’s office asserted that, at the time, procedures had been implemented to prevent such omissions from occurring again. Several of the errors in the present matter occurred after May 1, 2008., Recently, in a separate sanctions case, Dunn was ordered immediately to provide training for her staff. In re Dunn, 166 So.3d 475 (Miss.2012). The Hinds County circuit judges were ordered to oversee the training.
¶ 10. The record reveals that Melissa Welch received an unfavorable ruling from the PERS board. In July 2007, her attorney, Wayne O. Lee, filed a Complaint for Review. Along with the complaint, Lee paid the filing fee and filled out a Civil Case Cover Sheet. Lee, or a member of his staff, filled in his Mississippi Bar number on the Civil Case Cover Sheet. The *492 line on the form directly below the bar number line is for the signature line for the attorney. When Lee signed his name, the top loop from the letter L in his surname invaded the line that contained his bar number, making it appear that one of the digits in the bar number was six rather than one.
¶ 11. Lee properly included his correct name, address, and bar number on all of the pleadings that he filed throughout the proceedings in the circuit court. Lee also included the name, address, and bar number of his cocounsel on at least some of the pleadings that he filed, including the Complaint for Review. Lee included the PERS attorney’s name and address in all of his certificates of service. PERS included its lawyer’s name, address, and bar number on all of its pleadings and included Lee’s name and address in all of its certificates of service. However, none of these attorneys was ever listed in the general docket by the circuit clerk. Based on the appellate record filed in the PERS v. Welch case,[6] and the circuit court’s general docket, we discern that, on at least six separate occasions, employees in the circuit clerk’s office held pleadings in their hands that had been signed by attorneys in this case and included the names and addresses for several attorneys appearing in this case. Apparently, however, no employee of the circuit clerk’s office ever undertook to verify that all counsels’ names and addresses were accurately listed in the circuit court’s general docket. The accurate entry of information identifying all parties and their counsel is crucial for the clerk to provide required notices to all parties during the course of litigation.
¶ 12. Hinds County uses a computer program in which entries in the general docket are made by someone who physically types pertinent information into the computer system. Apparently, the typist sees one screen at a time, and when she strikes the enter key, the next screen appears. Clerk’s office employees enter information regarding attorneys by typing each attorney’s bar number into the general docket program. The typists apparently look only at the Civil Case Cover Sheet to obtain this information. Hinds County utilizes a separate program containing attorneys’ bar numbers, names, and addresses. Clearly, when the present case was filed, this program was not up to date, since it contained information of an attorney who had died five years before Welch’s complaint was filed. Typing his bar number into the docket program generated insertion of the name and contact information of that attorney from the separate program. No standard procedure was in place to require anyone in the clerk’s office to review this inserted information for accuracy.
¶ 13. The filing of Welch’s Complaint for Review opened this case in circuit court. When the deputy clerk entered the complaint' in the general docket, she typed the numeral six as part of the bar number, instead of the numeral one. She seems to have relied only on the bar number on the Civil Case Cover Sheet and not to have checked it against information in the pleadings. That screen of the computer program does not include the name or address of the attorney. When the deputy clerk hit the enter key, the computer program advanced to the next screen, further reducing the typist’s ability to review the information that she had typed to verify its accuracy.
¶ 14. The deputy clerk had typed the bar number of Roy Glenn Ayles, a deceased lawyer who had nothing to do with the Welch case. Although Mr. Ayles had *493 died five years before the complaint was filed, his name and address were mistakenly put in the general docket as counsel of record for Welch. Lee’s name and address were never entered as counsel of record for Welch in the general docket. Additionally, the deputy clerk did not enter any information about Lee’s cocounsel in the general docket. When PERS filed its first pleading with the circuit clerk, no information about PERS’s attorney was entered in the general docket. When another deputy clerk sent notice of the entry of the Memorandum Opinion and Order, that notice was sent to Ayles, who, unfortunately, was not available to receive it. Neither party nor its counsel was sent notice as required by Rule 77(d) of the Mississippi Rules of Civil Procedure.
¶ 15. While this matter was pending in circuit court, orders were entered regarding interlocutory matters in August 2007, June 2008, and July 2008. If the clerk did provide notice of these orders to the parties or their counsel, she nevertheless failed to “make a note in the docket of the service” as required by Mississippi Rule of Appellate Procedure 77(d). The orders entered in 2008 and the Memorandum Opinion and Order occurred after the clerk had been sanctioned in the Garlock matter for similar errors.[7]
¶ 16. The testimony during the ev-identiary hearing supports the conclusion that the Memorandum Opinion and Order was entered in the general docket on January 26, 2010. Relying on Mississippi Rule of Civil Procedure 54, the clerk called the Memorandum Opinion and Order a Judgment. A separate document entitled Judgment does not exist in this case. No evidence was adduced at the evidentiary hearing that the docket entry was backdated. In fact, the testimony of the employee of the Attorney General’s office who filed the affidavit in support of PERS’s motion before this Court was very different from her affidavit. During the hearing, she admitted that she was not certain about any of the dates stated in her affidavit. She unequivocally testified that she never meant to imply that the docket entry was backdated. PERS’s attorney also testified that PERS did not intend to imply that the docket entry was backdated. We therefore find that the circuit clerk adequately complied with Section 9-7-171 of the Mississippi Code and Mississippi Rule of Civil Procedure 79.
¶ 17. The general docket clearly reveals, however, that the circuit clerk once again did not comply with the requirements found in Mississippi Rule of Civil Procedure 77(d). That rule unequivocally requires that: 1) notice be given to all parties, and 2) that such notice be documented in the docket. Welch and her counsel were never sent notice of the Memorandum Opinion and Order because the attorney’s name and contact information were not accurately entered in the general docket. Similarly, PERS never received the Memorandum Opinion and Order from the circuit clerk’s office. A deputy circuit clerk testified that she “always” sent notice to PERS regardless of whether PERS’s counsel was accurately entered in the general docket. But, even if she did so in this case, the clerk’s office failed to document such notice in the docket, as required by the rule. Likewise, even if notices of the 2007 and 2008 interlocutory orders were sent, the clerk’s office failed to document them in the docket.
*494 ¶ 18. This case reveals that the circuit clerk’s office did not have procedures in place for verification of the names and contact information of parties or their counsel. The database containing attorney names and addresses used by the circuit clerk’s office had not been adequately updated and included obsolete information.[8] The circuit clerk’s office must implement procedures whereby it routinely compares the names and addresses found on the pleadings to the names and contact information it enters its general docket.

CONCLUSION

¶ 19. The record reveals that the entry of the Memorandum Opinion and Order in the general docket was not backdated. The record also shows that the circuit clerk’s office failed to send notice of at least one order or judgment to all parties and their counsel. The record also discloses that the circuit clerk’s office failed to document notices in the general docket. In addition, the record shows that the circuit clerk’s office had no procedures in place to verify the accuracy of the names and contact information of parties or their counsel.
¶ 20. As discussed in other Dunn sanctions cases, Dunn’s office has implemented a personnel training program which is being supervised by the Hinds County circuit judges. We find that, while mistakes were made in this case by Dunn’s staff, those oversights do not warrant harsh sanctions. Accordingly, Dunn is hereby ordered to implement procedures for routine verification of the names and contact information of parties and their counsel. Dunn is ordered to pay the cost of the record from the evidentiary hearing in the amount of $947.75. Dunn shall pay that amount wholly from her personal funds, and not from public funds.
¶ 21. HINDS COUNTY CIRCUIT CLERK BARBARA DUNN IS ORDERED TO PAY COSTS.
DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR. WALLER, C.J., NOT PARTICIPATING.

. An order was entered in that separate case granting PERS’s motion.

. See discussion below regarding the attorney's bar number on the civil case cover sheet.

. The circuit judges heard testimony from Dunn, three circuit clerk’s office employees, an employee of Hinds County familiar with the computer programs used by the circuit clerk’s office, the employee from the Attorney General’s office who had signed the affidavit, PERS’s attorney, and Wayne Lee, counsel for Welch.

. "The date of entry of judgment is the date the judgment is entered in the general docket of the clerk of the court.” M.R.A.P. 4 cmt.

. The employee in Dunn’s office responsible for entering orders in the general docket was away from work for several days. The orders signed by the circuit judges during that time were stamped "filed" on the day that they were received in the circuit clerk’s office. The orders were not entered in the general docket until that particular employee returned to work. However, when she entered the orders in the general docket, she entered the date from the "filed” stamp, not the date of actual entry. Therefore, she backdated the entries.

. This Court takes judicial notice of its files.

. The record reveals that Judge Green and several of the witnesses mistakenly believed that the interlocutory orders in this matter were entered before Dunn first was sanctioned.

. Such information is readily available to the public on the Mississippi Bar’s website.