FAIR, J., FOR THE COURT:
¶ 1. In 2007, Victor Bailey pled guilty to two counts of armed robbery and was sentenced to fifteen years on each count, to be served concurrently. Nearly eight years later, he filed a motion for reconsideration of his sentence.[1] Bailey sought a reduction of his sentence based on his exemplary behavior, including earning a general education diploma, completing a barber course and receiving a barber license, and completing courses in anger management and financial literacy.
¶ 2. The circuit court treated the motion as a motion for post-conviction relief and found it time-barred. The court further held that it lacked jurisdiction to reduce Bailey's sentences since the sentencing term had expired. "A reduction or reconsideration of a sentence by a judge must occur prior to the expiration of the sentencing term." Carr v. State , 881 So.2d 261, 264 (¶ 8) (Miss. Ct. App. 2003) (citing Harrigill v. State , 403 So.2d 867, 868-69 (Miss. 1981) ). "The power to reduce the sentence after the expiration of the term is vested in [the legislature]. The trial judge was correct to deny the request." Robinson v. State , 849 So.2d 157 (¶ 4) (Miss. Ct. App. 2003).
¶ 3. On appeal, Bailey abandoned his quest for reconsideration and reduction of his sentence. Instead, for the first time on appeal, he claims that Mississippi Code Annotated section 47-7-3(1)(c)(i) (Rev. 2015) entitles him to parole eligibility because he has served the required ten years.
¶ 4. Since Bailey failed to raise this issue before the circuit court, he is barred from doing so on appeal. Even if this claim was properly before this Court, Bailey would still be ineligible for parole. Section 47-7-3(1)(c)(i) only applies to armed-robbery convictions that occurred between January 1, 1977, and September 30, 1994. Bailey's conviction and sentencing took place in 2007. Armed-robbery convictions that occurred between October 1, 1994, and July 1, 2014, are governed by section 47-7-3(1)(c)(ii). Accordingly, we affirm the judgment of the circuit court.
¶ 5. AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.

The record and the certified docket sheet do not contain Bailey's motion for reconsideration. However, Bailey filed a mandamus petition with this Court on June 5, 2017, because the circuit court had not yet ruled on his PCR motion. He attached his PCR motion to his mandamus petition. We take judicial notice of our own docket. See Gulley v. State , 870 So.2d 652, 656 (¶ 8) (Miss. 2004) (holding that a circuit court can take judicial notice of its own docket in resolving a PCR motion).