## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2017-CP-01489-COA

**CRAYTONIA LATROY BADGER A/K/A**　　　　　　　　　　**APPELLANT**
**CRAYTONIA BADGER A/K/A CRAYTONIA L.**
**BADGER**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　　**APPELLEE**

DATE OF JUDGMENT:　　　　　　　08/14/2017
TRIAL JUDGE:　　　　　　　　　　HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:　COPIAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:　　　CRAYTONIA LATROY BADGER (PRO SE)
ATTORNEYS FOR APPELLEE:　　　OFFICE OF THE ATTORNEY GENERAL
　　　　　　　　　　　　　　　BY: SCOTT STUART
NATURE OF THE CASE:　　　　　　CIVIL - POST-CONVICTION RELIEF
DISPOSITION:　　　　　　　　　　AFFIRMED - 01/28/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1. On November 19, 2009, Craytonia Badger filed a petition to enter a guilty plea to possession-of-a-cell-phone-while-incarcerated in the Copiah County Circuit Court (Cause No. 2009-0153CR). On November 23, 2009, Badger was sentenced by the Copiah County Circuit Court to serve seven years in the custody of the Mississippi Department of Corrections (MDOC). Badger appealed the trial court's denial of his motion for reconsideration of his sentence, asserting that his guilty plea was unknowingly and involuntarily made. That appeal was docketed and assigned to this Court as case number

2010-CP-00132-COA.[1]

¶2.     In the course of the record preparation for Badger's appeal, the court reporter discovered that due to a malfunction with her stenographic machine, the transcript from Badger's sentencing hearing had been lost. The Court of Appeals issued an order remanding the case to the circuit court with instructions to address the missing-transcript issue. The circuit court held a hearing on July 6, 2010, for the purpose of recreating what occurred at Badger's November 23, 2009 sentencing hearing. The transcript of the July 6, 2010 proceeding was filed as a supplement to the record in Badger's appeal (Case No. 2010-CP-00132-COA). On September 30, 2010, Badger filed a motion to voluntarily dismiss that appeal, which was granted, and Badger's appeal in the cell-phone-possession case (Cause No. 2009-0153CR) was dismissed on November 2, 2010.

¶3.     On August 7, 2017, over seven-and-a-half years after his November 23, 2009 sentencing order was entered, Badger filed a "Motion to the Correct the Records" in the cell-phone-possession case (Cause No. 2009-0153CR). Badger asserted that the circuit court should correct the date of his sentencing order from November 23, 2009 (the date the order was entered) to July 6, 2010 (the date the circuit court held the hearing to recreate Badger's original sentencing hearing). Badger also asserted that the July 6, 2010 hearing took place "without the defendant ever pleading guilty." The circuit court denied Badger's motion.

---

[1] In a separate order, the trial court denied Badger's motion for post-conviction collateral relief that was a part of Badger's motion for reconsideration of his sentence. That order was not in this record on appeal. It was, however, attached to Badger's brief in case number 2010-CP-00132-COA. We may take judicial notice of documents in our own files. *In re Dunn*, 166 So. 3d 488, 492 n.6 (Miss. 2013).

¶4. Badger appeals, asserting that his sentencing order should be vacated because (1) the seven-year sentence he received was illegally imposed in violation of his due process rights; and (2) the sentencing order is a "false document" that was used to enhance his sentences in other proceedings in violation of his due process rights and the Mississippi Public Records Act of 1983, Mississippi Code Annotated sections 25-61-1 to 25-61-19 (Rev. 2010). Badger also asserts, in the alternative, that the circuit court erred in failing to correct the date of the sentencing order to reflect the July 6, 2010 remand-hearing date.

¶5. We find that Badger's August 7, 2017 motion was effectively a motion seeking relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated sections 99-39-1 to 99-39-29 (Rev. 2015) (a PCR motion). For the reasons detailed below, we affirm the circuit court's denial of Badger's August 7, 2017 motion.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶6. On September 30, 2009, Craytonia Badger was indicted for possession of a cell phone while in the Copiah County Detention Center in violation of Mississippi Code Annotated section 47-5-193 (Supp. 2008). Badger's cell-phone-possession case was filed in Copiah County Circuit Court (Cause No. 2009-0153CR). On the same day, Badger was indicted for burglary, and his burglary case was filed in Copiah County Circuit Court (Cause No. 2009-0154CR-A). This appeal concerns the cell-phone-possession case (Cause No. 2009-0153CR). Nevertheless, some discussion of Badger's burglary case (Cause No. 2009-0154CR-A) is necessary because Badger was sentenced in both cases in a joint hearing, as detailed below.

3

¶7.     On November 19, 2009, Badger filed a petition to enter a guilty plea on the cell-phone-possession charge against him (Cause No. 2009-0153CR). Badger's guilty plea petition provided that the district attorney would recommend an open plea with respect to sentencing on this charge. In the meantime, Badger was also found guilty in a jury trial in the burglary case (Cause No. 2009-0154CR-A), and he was found to be a habitual offender.

¶8.     On November 23, 2009, the circuit court held a joint sentencing hearing for both convictions and entered separate sentencing orders in each cause. Badger was sentenced to serve seven years in the custody of the MDOC in the cell-phone-possession case (Cause No. 2009-0153CR). In the burglary case (Cause No. 2009-0154CR-A), Badger was sentenced as a habitual offender to serve life in prison "without the benefit of parole."

¶9.     The circuit court entered its sentencing order in cause number 2009-0153CR on the same day as the joint hearing was held, November 23, 2009. The sentencing order provides that Badger, being represented by counsel, and the district attorney appeared in open court on November 23, 2009, and that Badger knowingly and voluntarily entered a guilty plea on the possession of contraband in a jail-facility charge, having been first duly advised by the court of his "legal and constitutional rights, . . . and having freely, voluntarily and intelligently waived said rights." The sentencing order further provides that Badger was sentenced to seven years in the custody of the MDOC on this charge and that this sentence would run concurrently with the sentence imposed in the burglary case (Cause No. 2009-0154CR-A).

¶10.    In December 2009, Badger subsequently moved for reconsideration on his seven-year

4

sentence for the cell-phone-possession conviction in cause number 2009-0153CR, asserting that his guilty plea was unknowingly and involuntarily made. The circuit court denied this motion, and Badger appealed this decision on January 19, 2010. Badger's appeal was assigned to this Court (Case No. 2010-CP-00132-COA).

¶11. Badger also appealed his life sentence in the burglary case (Cause No. 2009-0154CR-A), asserting that he was improperly sentenced as a habitual offender. This appeal was also docketed and assigned to this Court (Case No. 2010-KA-00154-COA).

¶12. In the course of the record preparation for Badger's appeals in both cases, the court reporter discovered that her stenographic machine had malfunctioned, and her notes from Badger's November 23, 2009 joint sentencing hearing were unreadable. In April 2010 the court reporter notified the circuit court and all parties, including Badger, that this malfunction had occurred, and she also explained to them that she had no other backup source from which she could retrieve her notes and prepare a transcript.

¶13. Soon after receiving the court reporter's notification in April 2010, the circuit court judge sought guidance from the supreme court regarding the lack of a transcript from the November 23, 2009 sentencing hearing. At the same time, Badger filed motions in both appeals requesting, in relevant part, that this Court "grant" the circuit court jurisdiction to determine how to cure the missing-transcript situation. The Court granted Badger's motions in both appeals and issued separate orders, at separate times, remanding each case to the circuit court "to resolve[] the question of the transcript."

¶14. Upon receipt of the Court's order entered in case number 2010-CP-00132-COA, the

5

circuit court set a July 6, 2010 hearing in the cell-phone-possession case (Cause No. 2009-0153CR) to resolve the transcript issue. The transcript of the July 6, 2010 hearing is not in the record in this appeal. This transcript, however, is in the appellate record for case number 2010-CP-00132-COA, which is accessible in this Court's files. As such, we take judicial notice of the July 6, 2010 transcript. *In re Dunn*, 166 So. 3d at 492 n.6 ("This Court takes judicial notice of its files."); *Bailey v. State*, 270 So. 3d 108, 109 n.1 (Miss. Ct. App. 2018) ("We take judicial notice of our own docket.").

¶15. The circuit court began the July 6, 2010 hearing by explaining that the proceedings were being held in cause number 2009-0153CR on remand from the Mississippi Court of Appeals because there had been a malfunction in the court reporter's equipment at Badger's November 23, 2009 sentencing hearing, and the circuit court had been ordered to resolve the problem. The circuit court judge further explained he had "given this a lot of consideration and a lot of thought, and [he didn't see] any other way to resolve the problem other than to make a transcript."

¶16. In order to re-create for the record what occurred at Badger's sentencing hearing on November 23, 2009, the court "proceed[ed] to resentence Mr. Badger who had pled guilty in Cause No. 2009-0153 to the offense of possession of contraband in a jail facility."[2] The circuit court clarified that Badger was also sentenced on November 23, 2009, in cause number 2009-154CR-A, but that case was not before it at the July 6, 2010 remand hearing.

---

[2] As detailed above, the November 23, 2009 sentencing order clearly sets forth that Badger, being represented by counsel, knowingly and voluntarily entered a guilty plea on this charge after first being advised by the circuit court of his "legal and constitutional rights . . . and having freely, voluntarily and intelligently waived said rights."

Therefore, the court explained it was limited to resolving the transcript issue only in cause number 2009-0153CR.[3] The circuit court proceeded to memorialize Badger's November 23, 2009 sentence in cause number 2009-0153CR, as follows:

| | |
|---|---|
| [THE COURT]: | Mr. Badger, . . . you entered a plea of guilty in this cause to the offense of possession of contraband in a jail facility. Is there anything you wish to say prior to sentencing? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Mr. Bass? |
| MR. BASS: | No, sir. |
| THE COURT: | The Court hereby sentences you, Mr. Badger, to serve seven years in the custody of the Mississippi Department of Corrections, and the sentence herein is to run concurrently with the sentence imposed upon the defendant here in Copiah County Circuit Cause Case No. 2009-0154CR-A. |

¶17. On September 30, 2010, Badger filed a motion to voluntarily dismiss his appeal in case number 2010-CP-00132-COA (the cell-phone-possession case). His motion was granted, and Badger's appeal in the cell-phone-possession case was dismissed on November 2, 2010. The mandate was issued in this case on November 23, 2010.

¶18. On August 7, 2017, over seven-and-one-half years after his original sentencing order was entered on November 23, 2009, Badger filed a "Motion to the Correct the Records" in the cell-phone-possession case (Cause No. 2009-0153CR). In this motion, Badger asserts

---

[3] The circuit court held a separate hearing on September 7, 2010, to resolve the transcript issue in cause number 2009-0154CR-A in response to this Court's order entered in case number 2010-KA-0154-COA (the burglary-conviction appeal).

that the circuit court should correct the date of the November 23, 2009 sentencing order to reflect that Badger was sentenced on July 6, 2010,[4] after this Court remanded the case to the circuit court with instructions to address the transcript issue. Badger also asserts that the July 6, 2010 hearing took place "without the defendant ever pleading guilty," but Badger did not elaborate on this statement in his motion.

¶19. The circuit court denied Badger's motion in its "Order Denying Defendant's Motion to Correct the Records," which was entered on August 14, 2017. In that order, the circuit court explained that no correction to its November 23, 2009 sentencing order was necessary:

> [I]n Cause Number 2009-0153CR, [Badger] pled guilty on . . . November 19, 2009, to Possession of Contraband in a Jail Facility, and was sentenced by this Court on . . . November 23, 2009, to serve seven . . . years in the custody of the [MDOC] with said Sentence to run concurrently with [Badger's] Sentence in Copiah County Circuit Court Cause Number 2009-0154.

As the circuit court explained at the July 6, 2010 remand hearing, that hearing was held to create a transcript memorializing what occurred at Badger's November 23, 2009 sentencing hearing in compliance with this Court's remand order.

¶20. The circuit court also explained in its order why a new sentencing order was entered in the burglary case (Cause No. 2009-0154CR-A). Following Badger's appeal in the burglary case, and pursuant to a mandate from the Mississippi Supreme Court, the circuit court *changed* Badger's sentence from serving life in prison "without the benefit of parole" to seven years in the custody of the MDOC. The circuit court therefore entered a new

---

[4] Badger asserts that the hearing took place on July 16, 2010, rather than July 6, 2010, but the transcript reflects that it occurred on July 6, 2010. As such, we will use the July 6, 2010 date.

sentencing order in the burglary case (Cause No. 2009-0154CR-A) only, for this reason.

¶21. On October 4, 2017, Badger filed an "Application for a Writ of Mandamus" in the circuit court in the cell-phone-possession case (Cause No. 2009-0153CR), stating in that pleading that he had filed a motion to correct the records on August 1, 2017, and that "[m]ore than 30 days has passed and this court has not corrected the clerical error in the records, mainly the sentencing order."[5]   Badger then restated the same arguments he asserted in his motion to correct the records.  The circuit court dismissed Badger's "application" for a writ of mandamus on October 9, 2017, finding that it was moot after the court's August 14, 2017 order denying Badger's motion to correct records.  On October 26, 2017, Badger filed a notice of appeal, providing that "this petition [is to] request to appeal this court's denial of the petitioner's Motion to Correct Records."

¶22. In reviewing the appellate record, this Court determined that the motion to correct records, which forms the basis of Badger's appeal, was missing from the record.  Therefore, on October 28, 2019, this Court ordered the Copiah County Circuit Clerk to furnish the missing motion, and the circuit clerk supplemented the record with this motion on November 7, 2019.

---

[5] Based upon this assertion, it appears that Badger did not receive the circuit court's original August 14, 2017 order.  There is no indication in the record whether Badger received it, and his appeal was timely when the circuit court's October 9, 2017 order on Badger's "Application for a Writ of Mandamus" is used to calculate the thirty-day deadline. "[P]ost-conviction relief petitions are governed by Mississippi Rule of Appellate Procedure 2(c), whereby this Court in a particular case may suspend the requirements of the appellate rules in the interest of justice. Specifically, this Court may suspend Rule 4(a) to allow an out-of-time appeal in criminal cases." *Hunt v. State*, 11 So. 3d 764, 766 (¶5) (Miss. Ct. App. 2009); *see* M.R.A.P. 2(c). We do so here.

**STANDARD OF REVIEW**

¶23.   "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gaulden v. State*, 240 So. 3d 503, 506 (¶5) (Miss. Ct. App. 2018).

**DISCUSSION**

¶24.   Badger has raised two assignments of error on appeal.  Badger's first assignment of error appears to relate to the legality of his sentence.  He asserts that the circuit court erred when it did not vacate the November 23, 2009 sentencing order because, without a transcript of his November 23, 2009 sentencing hearing, there is no evidence that he pleaded guilty on that date.  Badger admits that he was sentenced on the cell-phone-possession conviction "sometime in July 2010," but he asserts that this sentence is also "illegal" because he never pleaded guilty at the July 6, 2010 proceeding.  Badger also asserts, in the alternative, that the circuit court erred in failing to correct the date of the sentencing order and should at least "order [that] the trial court's records be corrected to reflect the remand sentencing date."

¶25.   In his second assignment of error, Badger asserts that the November 23, 2009 sentencing order is a "false document" that has been used to enhance his sentences in other proceedings in violation of his due process rights and the Mississippi Public Records Act, *supra*.

¶26.   We recognized that the due process issues that Badger raises on appeal could be raised in the circuit court in a PCR motion under appropriate circumstances.  *See* Miss. Code Ann.

§ 99-39-5 (Rev. 2015). We therefore will address Badger's appeal as one from the denial of a PCR motion.

### I.    Procedural Bars

¶27.    Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion following a guilty plea must be filed within three years after the judgment of conviction is entered. Miss. Code Ann. § 99-39-5(2). The circuit court entered its sentencing order on November 23, 2009. Badger did not file his motion until August 7, 2017—over seven and a half years after his sentencing order was entered. On its face, Badger's PCR motion was untimely.

¶28.    The UPCCRA also imposes a bar against successive writs. Miss. Code Ann. § 99-39-23(6) (Rev. 2015) ("[A]ny order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article."). This appeal concerns what appears to be Badger's second PCR motion. In December 2009, Badger moved for reconsideration of his sentence in the cell-phone-possession case, asserting that his guilty plea was unknowingly and involuntarily made. The trial court denied this motion. Badger appealed and then moved to voluntarily dismiss his appeal in September 2010. Badger's motion for voluntary dismissal was granted in November 2010. Badger's second motion at issue here is successive.

¶29.    Badger, as the PCR movant, has the burden of demonstrating that his claims are not procedurally barred because of an exception. *See McComb v. State*, 135 So. 3d 928, 932

(¶13) (Miss. Ct. App. 2014). As detailed above, Badger asserts that his due process rights were violated relating to the legality of his sentence. We recognize that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA," including allegations of an illegal sentence, as Badger asserts in this case. *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). We therefore address Badger's assertions in this regard on the merits.

## II. Due Process Claims

¶30. The crux of Badger's first assignment of error is that his due process rights were violated because he alleges there is no evidence that he ever pleaded guilty at his November 23, 2009 sentencing hearing or at the July 6, 2010 proceeding held by the circuit court to memorialize what occurred at Badger's actual sentencing hearing. We find no merit in this assignment of error.

¶31. With respect to Badger's assertion that the July 6, 2010 hearing took place without him ever pleading guilty, we find that the record clearly reflects that this was not the purpose of the July 6, 2010 proceeding. The July 6, 2010 hearing transcript reflects that the purpose of that proceeding was to *memorialize* what happened at Badger's November 23, 2009 sentencing hearing in compliance with the Court of Appeals' order instructing the circuit court to address the missing-transcript issue. We find that this purpose was met, and we find no indication that either this Court or the circuit court intended to provide Badger with a new sentencing hearing on remand.

¶32. Nor do we find any legal basis for any assertion that Badger was entitled to a "new"

12

sentencing hearing on July 6, 2010. Badger asserts that the lack of a transcript from his sentencing hearing in November 2009 is evidence that he never pleaded guilty at that hearing. On the contrary, the record contains Badger's November 19, 2009 petition to enter a guilty plea on the cell-phone-possession charge, which explicitly delineates his decision to do so before his hearing. Among other matters, Badger's sworn plea petition describes the constitutional and legal rights he was giving up by pleading "not guilty" and that he understood that he was waiving these rights. His sworn petition further provides that his guilty plea was not coerced and that it was freely and voluntarily given.

¶33. Additionally, the circuit court's November 23, 2009 sentencing order reflects in detail that Badger knowingly and voluntarily entered a guilty plea after the circuit court advised him of his legal and constitutional rights and that Badger "freely, voluntarily, and intelligently waived said rights." We find nothing in these circumstances suggesting that Badger did not plead guilty or was not properly sentenced at the original November 23, 2009 sentencing hearing or that he was entitled to a new sentencing hearing at the July 6, 2010 proceeding. *See Dora v. State*, 986 So. 2d 917, 924 (¶14) (Miss. 2008) (recognizing the principle that "any doubts [as to the conduct of prosecutor or judge] should be resolved in favor of the integrity, competence and proper performance of the official duties of the judge and prosecuting attorney"); *Golden v. State*, 736 So. 2d 1076, 1078 (¶8) (Miss. Ct. App. 1999) ("There is a presumption of correctness in the judgment of the trial court . . . .").[6]

---

[6] Indeed, in Badger's December 2009 motion to reconsider his sentence, Badger admits he pleaded guilty, but he maintained that his guilty plea was unknowingly and involuntarily made.

¶34. Our determination on this issue is further supported by what *did* occur at the July 6, 2010 hearing. The circuit court judge specifically addressed Badger and his counsel, as follows: "Mr. Badger, you . . . entered a plea of guilty in this cause to the offense of possession of contraband in a jail facility. Is there anything you wish to say prior to sentencing?" Both Badger and his counsel responded, "No, sir." In short, both Badger and his counsel admitted that Badger entered a guilty plea at his original sentencing hearing, and both Badger and his counsel assured the circuit court that they had nothing to say prior to sentencing. There is a "strong presumption of validity that goes with solemn declarations made in open court and the need for finality." *Hannah v. State*, 943 So. 2d 20, 25 (¶11) (Miss. 2006). We find this presumption applies in this case.

¶35. We also reject Badger's alternative assertion under this assignment of error that the circuit court erred in failing to correct the date of the sentencing order to reflect the July 6, 2010 remand-sentencing date. If we consider this issue as part of Badger's "PCR" motion, then this issue is procedurally barred to the extent Badger merely seeks a correction of an alleged clerical error. Badger's fundamental constitution rights are not affected. *Rowland*, 42 So. 3d at 507 (¶12).

¶36. Even if we could extract this particular issue and treat it as an appeal from an order denying a motion to correct a clerical error,[7] we find that the circuit court did

---

[7] Badger's motion to correct the record was filed on August 7, 2017. The Mississippi Rules of Criminal Procedure became effective July 1, 2017; Badger's motion, therefore, is governed by those rules. *Cf. Forkner v. State*, 277 So. 3d 946, 949 n.3 (Miss. 2019). Rule 25.4 provides a mechanism for a court to correct "a clerical error in a judgment or order, [or to] correct an error in the record arising from oversight or omission." MRCrP 25.4. According to the rule's Comment, this procedure is similar to Rule 60(a) of the Mississippi

14

not abuse its discretion[8] when it refused to correct the date of Badger's cell-phone-possession sentencing order to reflect the July 6, 2010 remand sentencing date. Indeed, "[c]ourts of record have inherent power to correct clerical errors in criminal prosecutions as well as civil actions," *Whitaker v. State*, 22 So. 3d 326, 329 (¶12) (Miss. Ct. App. 2009), and we see no distinction in a court's analogous power to refuse to correct its orders where, as here, no basis is presented for doing so, as we have detailed above.

¶37. Badger's second assignment of error is likewise without merit. Badger asserts that the sentencing order is a "false document" and that this "false document" was used to enhance Badger's subsequent sentences in violation of his due process rights and the Mississippi Public Records Act, *supra*. We find no evidence in the record that the November 23, 2009 sentencing order is a "false document." On the contrary, after both Badger and his counsel confirmed that Badger had entered a guilty plea at his November 2009 sentencing hearing and that neither of them had anything further to add at the July 6, 2010 proceeding, the circuit court sentenced Badger to serve seven years in the custody of the MDOC and set his sentence to run concurrently with his sentence in the burglary case (Cause No. 2009-0154CR-A)—the same sentence set forth in the November 23, 2009 sentencing order.

---

Rules of Civil Procedure, and "a motion to correct simple clerical mistakes [under Rule 25.4] may be made at any time." Comment, MRCrP 25.4; *cf. Shinn v. State*, 74 So. 3d 901, 907 (¶18) (Miss. Ct. App. 2011).

[8] Because of the noted similarities between Mississippi Rule of Criminal Procedure 25.4 and Mississippi Rule of Civil Procedure 60(a), we likewise apply the same "abuse of discretion" standard of review applicable in the Rule 60(a) context. *See, e.g.*, *Whitney Nat. Bank of New Orleans v. Smith*, 613 So. 2d 312, 315 (Miss. 1993) (finding that "the proper standard to employ [in assessing whether a trial court erred in amending a judgment] is whether the trial court arbitrarily and erroneously abused its discretion").

As such, there is no "false" information in that sentencing order.

¶38.  **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.  McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**